# Exhibit 1

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
   Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
   Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>　　　　Defendants. | Case No.  1:23-cv-142 |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org


*Attorneys for Physician Plaintiffs*

*\* Admitted pro hac vice*

## **DECLARATION OF RACHEL E. CRAFT, ESQ.**

I, Rachel E. Craft, Esq., hereby declare as follows:

1. I am over the age of eighteen. I make this declaration based on personal knowledge of the matters stated herein. If called to do so, I am competent to testify as to the matters contained herein.

2. I represent Plaintiffs in the above-captioned action. I am an attorney admitted to practice in New York and Massachusetts. My Motion for Appearance Pro Hac Vice was granted on April 6, 2023.

3. Idaho's Attorney General issued a letter dated March 27, 2023, interpreting Idaho Code § 18-622(2) to prohibit Idaho medical care providers from referring patients to out-of-state abortion services and to prohibit out-of-state abortions provided to Idaho residents.

4. On April 7, 2023, the Attorney General issued a new letter, attached hereto as Exhibit A. The April 7 letter states that the Attorney General is withdrawing the March 27 letter because there had been "intervening legislation" and because Representative Crane's request was not procedurally proper. Ex. A at 1.

5. On April 10, 2023, at 11:30 A.M. E.S.T., I attended a call with Lincoln Wilson and Brian Church, who are representing the Attorney General's office in this action. I participated as counsel for Plaintiffs, along with Peter Neiman and Colleen Smith. The purpose of the call was to discuss the April 7 letter.

6. On the call, Lincoln Wilson made clear that the April 7 letter was withdrawn on procedural grounds and that Plaintiffs should draw no substantive inferences about the Attorney General's interpretation of Idaho Code § 18-622(2) from the withdrawal of the March 27 letter.

1

7. During the call, Mr. Wilson was given multiple opportunities to repudiate the legal analysis in the March 27 letter. He expressly declined to do so. Thus, when directly asked whether, given the withdrawal of the March 27 letter, the Attorney General's office is still taking the position that a referral for out-of-state abortions violates Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

8. When we directly asked whether, given the withdrawal of the March 27 letter, the Attorney General's office is still taking the position that abortions provided out-of-state violate Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2023 in New York, NY.

Rachel E. Craft, Esq.

3

# Exhibit A



# STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL
## RAÚL R. LABRADOR

April 7, 2023

Representative Brent Crane
Idaho House of Representatives
Idaho State Capitol
700 W. Jefferson Street, Rm. EW46
Boise, ID 83702
NON-PRIVILEGED COMMUNICATION

*Re: Withdrawal of March 27 Letter*

Representative Crane:

On March 27, 2023, I provided you with a letter analysis of several questions prepared by my Associate Attorney General. Since then, the letter analysis has been mischaracterized as law enforcement guidance sent out publicly to local prosecutors and others. It was not a guidance document, nor was it ever published by the Office of the Attorney General.

Due to subsequent events in the legislative process and my determination that your request was not one I was required to provide under Idaho law, that analysis is now void. Accordingly, I hereby withdraw it.

First, the March 27 analysis is now moot because it relates to a law that has been significantly altered by intervening legislation. The day after I issued the analysis, the Legislature introduced HB374 to amend Idaho's laws concerning the legal definition and proscription of abortion that my analysis summarily addressed. That legislation passed on March 31, 2023, and was enacted upon the Governor's signature on April 6, 2023. The amendment of the existing statute by HB374 vitiates the "question of law" upon which you asked me to opine, rendering the letter void. Idaho Code § 67-1401(6).

Second and troublingly, further examination of your request suggests it was not an authorized request for an Attorney General's Opinion as contemplated by Idaho Code § 67-1401(6). You were not asking for an opinion related to your duties as a legislator but were merely acting as a pass-through "requestor." State law

authorizes the Attorney General to render an opinion when requested by, inter alia, "any senator or representative," *id.*, on questions of law related to their respective offices. As a result, the letter is withdrawn, and the resulting analysis is void.

Indeed, the subsequent use of the analysis illustrates the problems that arise when the Attorney General Opinion process is misused. Immediately after I transmitted this attorney-client letter to you, it was publicly posted by a nongovernmental third party who requested it in service of a political fundraising plea. This is precisely why I have sought to reform the opinion process and simply stick to a textualist reading of Idaho Code § 67-1401(6).

Again, for these reasons the March 27, 2023 letter is void in its entirety. It does not represent the views of the Attorney General on any question of Idaho law.

Respectfully,

RAÚL R. LABRADOR
Attorney General