# Exhibit 2

DocuSign Envelope ID: 964ADEED-16GA-4969-88F0-30BAFC2F1946

| | |
|---|---|
| Colleen R. Smith (ISB No. 10023)<br>Stris & Maher LLP<br>American Civil Liberties Union of<br>   Idaho Foundation Cooperating Attorney<br>1717 K Street NW, Suite 900<br>Washington, DC 20006<br>T: 202-800-5749<br>csmith@stris.com<br><br>Katherine V. Mackey*<br>Wilmer Cutler Pickering<br>  Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>T: 617-526-6993<br>F: 617-526-5000<br>katherine.mackey@wilmerhale.com | Peter G. Neiman*<br>Alan E. Schoenfeld*<br>Michelle Nicole Diamond*<br>Rachel E. Craft*<br>Wilmer Cutler Pickering<br>  Hale and Dorr LLP<br>7 World Trade Center<br>New York, NY 10007<br>T: 212-230-8800<br>F: 212-230-8888<br>peter.neiman@wilmerhale.com<br>alan.schoenfeld@wilmerhale.com<br>michelle.diamond@wilmerhale.com<br>rachel.craft@wilmerhale.com<br><br>*Attorneys for Plaintiffs*<br><br>*Additional counsel for Plaintiffs<br>identified on following page* |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br>        Plaintiffs,<br>   v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>        Defendants. | Case No.  1:23-cv-142 |

DocuSign Envelope ID: 964ADEED-16CA-4969-88E0-20BAFC2F1946

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* Admitted pro hac vice

## SUPPLEMENTAL DECLARATION OF REBECCA GIBRON

I, Rebecca Gibron, hereby declare as follows:

1. I am over the age of eighteen. I make this supplemental declaration based on personal knowledge of the matters stated herein and on information known or reasonably available to my organization. If called to do so, I am competent to testify as to the matters contained herein.

2. I am the CEO of Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky ("Planned Parenthood"), a not-for-profit corporation organized under the laws of the State of Washington and doing business in Idaho. I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Injunctive Relief.

3. In my previous declaration, I stated that "[t]he Attorney General's overbroad interpretation of Idaho Code § 18-622 [in his March 27, 2023 letter] will prevent Planned Parenthood and our dedicated team of medical professionals from fulfilling" our mission of providing "comprehensive reproductive health services." Gibron Decl. (ECF No. 2-2) ¶¶ 15-16. Specifically, I stated that medical personnel "will be forced to stop providing information and recommendations about abortion services because they fear criminal prosecution and losing their professional licenses" and that they fear that "provid[ing] abortions outside of Idaho . . . could result in the revocation of their Idaho licenses despite the fact that abortion is lawful in those other states." *Id.* ¶¶ 17, 24.

4. On April 7, 2023, I learned of and read Attorney General Labrador's second letter withdrawing his March 27 letter. *See* Craft Decl. Ex. A.

5. I understand that Lincoln Wilson, the Attorney General's Civil Litigation and Constitutional Defense Division Chief, has since made clear in conversations with my attorneys that the original March 27 letter was rescinded on procedural grounds. I further understand that,

1

in response to direct questioning from my attorneys regarding whether, given the withdrawal of the letter, the Attorney General's office is still taking the position that a referral for out-of-state abortions violates Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

6. Because the Attorney General has refused to say that Idaho Code § 18-622 does not bar referrals for out-of-state abortions or extend to abortions performed outside of Idaho, I remain concerned that the Attorney General still believes that the legal reasoning in the March 27 letter was correct and that he may use that reasoning to penalize Planned Parenthood providers and staff for supplying information about or providing out-of-state abortion care.

7. The Attorney General's actions still appear to be "calculated to increase confusion about what remains legal and what does not, by construing Idaho's abortion ban to apply in some way to at least some abortions in other states." Gibron Decl. ¶ 23. Thus, the harm to Planned Parenthood, our providers, and our patients continues unabated.

8. Our medical providers are still unable to ensure care for our patients by recommending providers in other states who can provide the necessary abortion care that Idaho does not permit. Licensed providers and other staff at our Idaho health centers are still unable to provide information and recommendations about abortion services because they fear criminal prosecution and losing their professional licenses.

9. Planned Parenthood's staff continue to fear they could be subjected to attempts to bring civil or even criminal charges against them.

10. Moreover, Planned Parenthood providers are still concerned about the licensure penalties for providing referrals to patients for out-of-state abortions or otherwise giving "support or aid" to patients seeking abortions. Certain Planned Parenthood providers who are licensed in

Idaho wish to provide abortions outside of Idaho but continue to fear that doing so could result in the revocation of their Idaho licenses despite the fact that abortion is lawful in those other states. Other Planned Parenthood providers who are licensed in Idaho and another state are still considering giving up their Idaho licenses altogether to avoid the still-looming threat to their licenses.

11. Beyond the credible fears of Planned Parenthood providers and staff, I also remain concerned about the harm to our patients. As I explained in my prior declaration, some patients will not know how to access abortion outside of Idaho or will face delays in accessing this information and in accessing the care itself. *Id.* ¶¶ 18-19. This poses risks to our patients' health, particularly for our patients who are people of color or are low income or who live in rural areas. *Id.* ¶¶ 20-21.

12. In short, the Attorney General's April 7 letter has not allayed my fears or those of Planned Parenthood staff and providers about threats of licensure penalties or even criminal charges. This continues to pose threats to Idahoans' health.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2023 in Anchorage, Alaska.

*Rebecca Gibron* (signature)

Rebecca Gibron