# Exhibit 4

Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
    Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
   Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs
identified on following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients, <br><br> Plaintiffs, <br><br> v. <br><br> **RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities, <br><br> Defendants. | Case No.  1:23-cv-142 |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
  Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*

* Admitted pro hac vice

## SUPPLEMENTAL DECLARATION OF DARIN L. WEYHRICH, M.D.

I, Darin L. Weyhrich, M.D., hereby declare as follows:

1.  I am over the age of eighteen.  I make this supplemental declaration based on personal knowledge of the matters stated herein and on information known or reasonably available to me.  If called to do so, I am competent to testify as to the matters contained herein.

2.  I am a plaintiff in the above captioned action.  As detailed in the first declaration I submitted in this case, *see* Weyhrich Decl. (ECF No. 2-4), I am a physician licensed to practice medicine in the State of Idaho since 2002 and have been a practicing doctor in Idaho for over two decades.  I have been board-certified in obstetrics and gynecology ("OB/GYN") since 2005.  I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Injunctive Relief.

3.  In my previous declaration, I stated that, as a result of the Attorney General's March 27, 2023, letter stating that "Idaho law prohibits an Idaho medical provider from . . . referring a woman across state lines to access abortion services," *see* Compl. Ex. 1 at 2, "if I have patients who require abortions currently or in the future, I will be forced to tell those patients that I am unable to help them and that I cannot say anything about their abortion options in other states even though that care is lawful in those states."  Weyhrich Decl. ¶ 16.

4.  I understand that after this case was filed and my previous declaration was submitted to the Court, on April 7, 2023, the Attorney General sent a follow-up letter to Representative Brent Crane stating that he was withdrawing his original letter.  I understand that the April 7 letter says that the March 27 letter should be withdrawn for two procedural reasons: (1) "the March 27 analysis is now moot because it has been significantly altered by intervening legislation" (*i.e.*, the Idaho legislature's passage of HB374), and (2) Representative Crane's

request "was not an authorized request for an Attorney General's Opinion as contemplated by Idaho Code § 67-1401(6)."  Craft Decl. Ex. A at 1.

5.      I understand that Lincoln Wilson, the Attorney General's Civil Litigation and Constitutional Defense Division Chief, has since made clear in conversations with my attorneys that the original March 27 letter was rescinded on procedural grounds.  I further understand that, in response to direct questioning from my attorneys regarding whether, given the withdrawal of the letter, the Attorney General's office is still taking the position that a referral for out-of-state abortions violates Idaho Code § 18-622(2), Mr. Wilson responded that no inference can be drawn about what the position of the Attorney General's office would be in such a situation.

6.      The Attorney General's refusal to disavow the positions taken in the original March 27 letter leaves me very concerned that I could still face serious penalties—namely the suspension and/or revocation of my professional license—if I refer patients seeking abortion out of state to obtain abortion where it is legal.  Thus, notwithstanding the withdrawal of the March 27 letter, it is still true that "if I have patients who require abortions currently or in the future, I will be forced to tell those patients that I am unable to help them and that I cannot say anything about their abortion options in other states even though that care is lawful in those states."  Weyhrich Decl. ¶ 16.

7.      In sum, the Attorney General's refusal to renounce the legal substance of his original letter continues to have "very strong chilling effect on my ability to speak with, counsel, and care for my patients." *Id.* ¶ 18.  "This government-mandated silence is deeply troubling to me and contrary to my ethical obligation to care for my patients and provide them information about all appropriate medical options." *Id.* ¶ 19.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April <u>13</u>, 2023 in <u>Boise            </u>, <u>Idaho        </u>.

Darin L. Weyhrich, M.D.