# OPINIONS POLICY – OFFICE OF IDAHO ATTORNEY GENERAL

**I. Basis for Opinions.**

The relevant duties of the Idaho Attorney General are enumerated, *inter alia*, in Idaho Code § 67-1401(6) and include:

> To give an opinion in writing, without fee, to the legislature or either house thereof, or any senator or representative, and to the governor, secretary of state, treasurer, state controller, and the superintendent of public instruction, when requested, upon any question of law relating to their respective offices ….

**II. Types of Opinions.**

All opinions must be approved by the Attorney General, Chief Deputy, Associate Attorney General, or Solicitor General *before* being relayed back to the requestor.  The Office of Attorney General (OAG) issues three types of opinions:

A. **Level One – Verbal Opinions**: rendered while providing legal or strategic assistance. These opinions involve simple matters when one of the individuals enumerated in Idaho Code §67-1401(6) requests one based upon any question of law relating to their respective offices.  The vast majority of requests will be answered in this manner.
B. **Level Two – Informal Opinions**: rendered in the form of an email or letter. These opinions involve questions of law of some complexity where a response in writing is appropriate or expected; and
C. **Level Three – Official Attorney General Opinions**: issued in response to authorized questions of major importance and/or statewide interest.  Additionally, the Attorney General may issue written opinions on his own accord on questions of major importance and/or statewide interest.

**III. General Policies.**

The following policies and practices apply to requests for written opinions:
A. The OAG will opine in writing only in response to a specific, written request signed by an authorized requestor named in Idaho Code § 67-1401(6).
B. The OAG will render an opinion only if the question of law relates to the respective offices of the enumerated requestors.  *See* Idaho Code § 67-1401(6).
C. The OAG does not render opinions to private parties including but not limited to members of the public, lobbyists, and the media.  He is the attorney of the State of Idaho—a body corporate—and additionally provides legal services to state entities as directed by the Legislature.
D. The OAG does not offer written opinions on questions that are abstract, hypothetical, or moot.
E. The OAG does not generally express opinions on matters in litigation, matters likely to be litigated, or matters before administrative boards for hearing and decision.
F. The OAG does not generally opine on the constitutionality of an enacted state statute. The Attorney General has a duty and may be called upon to defend

        state statutes against a constitutional challenge.
- G. The OAG does not decide facts. When a legal conclusion would depend upon factual predicates that are unavailable or unprovided, the OAG will be unable to provide a written legal opinion.

The general policies and practices above may be waived in certain circumstances after consultation with the Attorney General or Chief Deputy.

**IV. Processing.**

- A. <u>Receipt and Assignment.</u>  When a request for an AG opinion is received by the OAG in writing, it is to be forwarded to the executive office paralegal who will record the request in the AG correspondence log. The Chief Deputy or the Associate Attorney General (AAG) will then assign the request to a division specifying the level of opinion to be prepared and the target date for completion of the draft opinion. The executive office paralegal will log the division to whom the assignment was made and the target date.

- B. <u>Acknowledgement.</u>  The deputy to whom the request is assigned ("lead author") will immediately acknowledge the assignment to the executive office paralegal who will note this in the correspondence log. The lead author will also acknowledge receipt of the assignment to the requestor by either email or letter and will apprise the requestor periodically of the expected response date.

- C. <u>Submission of Draft.</u>  The Chief Deputy or the AAG is principally responsible for reviewing opinions. After a draft opinion is completed and has been reviewed by the Division Chief, it is forward to the AAG. The lead author of the opinion will keep the Division Chief, AAG, and the Chief Deputy informed as to any circumstance that might cause the draft's delay.

- D. <u>Opinion Conferences.</u>  Occasionally, when a matter is particular sensitive or controversial, or when deputies or agencies have differing views on the issues being analyzed, the Chief Deputy may assign two deputies to draft opposing opinions.  The lead authors of these opinions will meet to discuss and if possible, reach an accord on their disparate views.   In these instances, and when otherwise appropriate, the Chief Deputy will call an opinion conference to discuss the merits of each draft opinion. All participating in the opinion conference will frankly and completely discuss the merits of each approach. However, once the Chief Deputy decides upon which approach to take, the OAG will speak with one voice and dissents will not be published or otherwise communicated.

- E. <u>Opinion Delivery.</u>  Upon receipt of a final draft, the Chief Deputy or the AAG will make final decisions about the level of opinion, the person who will deliver that opinion, and when.
    Generally,
    - A. **Level One** (verbal) opinions will be delivered by the  AAG or by the lead author or both;

    B. **Level Two** (email or letter) opinions will be dispatched by the Chief Deputy, AAG, or lead author; and

    C. **Level Three** (Official) Opinions will be released under the Attorney General's signature after the Chief Deputy receives the AG's approval.

**V. Prior Opinions.**

    A. When assigned a request for an opinion, the lead author will review prior OAG opinions and guidelines on the same subject or statute. If a prior opinion provides an adequate response to a request, it should be sent with a cover email, or letter to the requestor and a new opinion should not be issued. Prior opinions are not overruled unless they are clearly erroneous and the reasons for doing so are expressly stated in the response. A deputy who concludes that a prior opinion must be overruled, will bring this to the attention of the Chief Deputy or his designee.

    B. WESTLAW has all OAG opinions since 1977. Earlier opinions are catalogued in the index card file in the executive office receptionist area.

**VI. Preparation and Format.** Level Three opinions will be signed by the Attorney General and the lead author's name will be noted. They will consist of four parts:

    A. Statement of the Question;
    B. Conclusion;
    C. Analysis of the question; and
    D. Authorities considered.

Level Two opinions will follow typical correspondence format. Each written response should conclude with:

> This response is provided to assist you. It is an informal and unofficial expression of the views of this office based upon the research of the author.

* * * *