Wendy J. Olson, ISB No. 7634
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040
wendy.olson@stoel.com

*Counsel for Amicus Curiae
St. Luke's Health System, Ltd.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, *on behalf of itself, its staff, physicians and patients, et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>RAUL LABRADOR, *in his official capacity as Attorney General of the State of Idaho, et al.*,<br><br>*Defendants.* | Case No. 1:23-CV-142-BLW<br><br>**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

St. Luke's Health System, Ltd. ("St. Luke's") respectfully moves for leave to file an *amicus curiae* brief in support of Plaintiffs' Motion for a Temporary Restraining Order (Dkt. 2) and Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. 41). The proposed brief is attached to this motion. St. Luke's also respectfully requests oral argument time at this Court's scheduled

hearing on April 24, 2023, as *amicus* believes its perspectives will provide uniquely valuable insight into the questions before the court.

St. Luke's is the only Idaho-based, not-for-profit, community-owned and community-led health system.  Its mission is to improve the health of people in the communities it serves.  To fulfill that mission, St. Luke's operates hospitals, clinics, and other health facilities across Southwest and South-Central Idaho.  St. Luke's employs 16,039 people and is the largest private employer in Idaho.  Its providers and nurses treat patients millions of times each year, including 1,022,571 hospital visits, 207,062 emergency department visits, and 1,872,601 clinic visits in 2021 alone.  Many of those patients are pregnant women; St. Luke's helps to welcome thousands of newborns each year, more than any other provider in the state.

Attorney General Raul Labrador's letter contending that Idaho law "prohibits an Idaho medical provider from … referring a woman across state lines to access abortion services," and asserting that any healthcare professional who does so will have their license suspended, will have grave implications for St. Luke's, its employees, and its patients.  Critically, the "abortion services" referenced by the Attorney General can include everything from elective abortions to care for patients experiencing miscarriages or other life- and health-threatening conditions.  As a result, physicians in Idaho are presently deterred from even discussing with their patients all sorts of essential medical care that can only be accessed across state lines.

Given the vital role St. Luke's plays in administering health care in Idaho, St. Luke's has significant interests in the important issues raised by this case. St. Luke's can provide valuable, first-hand insight about the current state of Idaho's OB-GYN departments and the perspective of Idaho physicians on the Attorney General's legal position and its consequences in Idaho hospitals and clinics.  These physicians are dedicated to helping successfully bring children into the world

2

by providing both parent and child with the highest-quality medical care. Because of the Attorney General's interpretation of Idaho law, as expressed in his letter, physicians now understand they risk legal liability and suspension of their medical licenses for simply having frank conversations with their patients.  Physicians find themselves unable to provide the gold standard of medical care—or even discuss it—for risk of criminal penalties or license revocations.  At best, patient care will be delayed for physicians to consult legal counsel.  At worst, patient care will be denied entirely.  As a result, patients will experience harmful and entirely avoidable consequences.

Moreover, St. Luke's can offer a unique perspective on how this state of affairs is harming Idaho's medical system more broadly.  Specifically, in St. Luke's current experience, the Attorney General's position is contributing to decreased physician morale, the flight of doctors from the state, the closure of OB-GYN programs at hospitals, and a general decrease in the availability of quality medical care to Idaho communities and patients.

St. Luke's understands the Legislature's reasons for enacting Idaho Code § 18-622 and appreciates the Legislature's obligation to enact laws that reflect the needs and values of Idahoans. St. Luke's also acknowledges the Attorney General's position that his March 27 letter was intended to be an internal communication.  However, the letter was disseminated to the public, and the Attorney General's interpretation will likely have serious unintended consequences for the thousands of people who provide medical advice to Idaho residents, as it will expose them to needless and grave potential liability, rendering their jobs significantly more difficult.  And as physicians find it more and more difficult to practice medicine, Idaho residents will find it more and more difficult to access meaningful care. This change has already begun, and it will only accelerate if the Attorney General's legal interpretation is implemented, and likely even if it is not rejected.

Because *amicus* is dedicated to improving the health and well-being of Idahoans and supporting their physicians, and because the Attorney General's interpretation of Idaho Code § 18-622 undermines those goals, *amicus* respectfully offers its perspective as friends of the Court that the Attorney General's legal interpretation Idaho Code § 18-622 should be preliminarily enjoined.

*Amicus* hereby certifies that the enclosed brief complies with Rule 29(a)(4) of the Federal Rules of Appellate Procedure. No party or party's counsel authored the proposed brief in whole or in part, and no party or party's counsel contributed money that was intended to fund the preparation or submission of the brief. No person other than *amicus* or its counsel has made a monetary contribution to fund the preparation or submission of this brief.

*Amicus* has made reasonable efforts to confer with the parties. Plaintiffs consent to the filing of this brief and to the request for oral argument. The Attorney General does not consent to the request.

Given its substantial interests in this case, St. Luke's respectfully moves for leave to file the proposed brief as *amicus curiae* and for leave to participate in the court's oral argument.

DATED: April 21, 2023.

STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson

*Counsel for Amicus Curiae St. Luke's Health System, Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed via the Court's electronic filing system on this 21st day of April 2023, to be served by operation of the electronic filing system on all ECF-registered counsel of record.

/s/ Wendy J. Olson  
Wendy J. Olson
