RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador
and Certain County Prosecuting Attorneys*

UNITED STATE DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>        Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |

One business day before the dispositive motion hearing in this matter, and after all briefing is complete, St. Luke's Health System, Ltd., has moved for leave to submit an additional 20-page brief against Defendants in this matter and to present oral argument at the hearing. As St. Luke's counsel explained to the Attorney General, its brief is not intended to focus on the legal arguments, but on the effects of the withdrawn Crane Letter on Idaho physicians and patients, based on the personal experience of St. Luke's physicians. The Court should deny the request.

While amicus briefs are common in the court of appeals, they are much more rare in the district court. "Leave to file an amicus brief should be denied unless a party is not represented competently or at all, a decision in the present case may affect the interest of the amicus in another case in which he has an interest, or the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Greater Yellowstone Coalition v. Timchak*, No. CV-08-388-E-MHW, 2008 WL 4911410, at *6 (D. Idaho Nov. 13, 2008) (internal quotation marks and citations omitted). And so as this Court has held, district courts "typically allow amicus briefs only when they are both timely and useful." *State of Idaho v. Coeur d'Alene Tribe*, No. 2:14-cv-00170-BLW, 2014 WL 2218329, at *1 (D. Idaho May 29, 2014) (Winmill, J.). This one is neither.

The proposed amicus brief is not timely. The first notice St. Luke's gave the Attorney General of its 20-page brief was today, just hours before it filed the brief. To alleviate some of the prejudice from this late filing, the Attorney General requested that St. Luke's provide an advance copy of the brief to review. St. Luke's

declined. So the first the Attorney General saw the brief was when it was filed with the Court—immediately after the Attorney General had filed the last brief in the cycle, and just one business day before the hearing. At so late a date, it is impossible for the Attorney General to file a meaningful response to the brief, much less for the Court to consider any response in connection with the hearing. The Attorney General will have little meaningful opportunity to defend against a brief—and argument thereon—filed at so late a date.

In any event, the proposed amicus brief is not helpful either. Most fundamentally, the amicus brief cannot create an Article III controversy that does not exist. The Attorney General did not send the Crane Letter to physicians and cannot bring his own prosecutions under Idaho Code § 18-622. He has never said otherwise, and he has withdrawn the Crane Letter and deemed it void. The Attorney General has no opinion on these questions and is not defending any opinion on these questions. So the fact that physicians at St. Luke's may have subjectively felt otherwise has no bearing on the objective existence of a controversy. There is none here.

Even on its own terms, the proposed brief is not helpful. Attempting to fulfill the "unique information" goal of amicus briefs, *see Timchak*, 2008 WL 4911410, at *6, St. Luke's proposed brief addresses purported harm to doctors and patients. But that is not a unique perspective because it is the very same perspective that Plaintiffs bring. Moreover, the arguments St. Luke's makes are focused predominantly on Idaho Code § 18-622 itself and not on the interpretation of that law set out in the

Crane Letter. As St. Luke's summarizes its position as stating that while "the impetus behind the legislation at issue may be to protect the welfare of Idahoans, physicians in Idaho have grave concerns about the real-world implications of these changes." Amicus Br. at 18.[1] Whatever the merits of those physicians' concerns, they are a mismatch for this case, because Plaintiffs do not allege that section 622, as written, prohibits their conduct—in fact, they allege the opposite. Dkt. 1 ¶ 40; Dkt. 2-1 at 4–5. And, in any event, notwithstanding St. Luke's concerns about the law, the Idaho Supreme Court has already upheld section 622 against a state constitutional challenge. *Planned Parenthood Great Nw. v. State*, 171 Idaho 374, 522 P.3d 1132 (2023).

The proposed amicus brief is even less helpful when one considers the substance of its claims of harm to the speech of Idaho doctors. Apart from the fact that those claims cannot support an injury to the Plaintiffs here, to the extent they are relevant at all, the Attorney General has no opportunity to question or cross-examine out-of-court statements proffered in support of a showing of irreparable harm.

---

[1] *See also, e.g.*, Amicus Br. at 3 ("Although Idaho's leaders defend Idaho Code § 18-622 as necessary to protect the health of unborn children, the physicians represented in this brief write to stress that the reality is something far different."); *id.* ("Idaho's abortion law has already created serious uncertainty among Idaho's physicians as to what kind of care they are legally able to provide."); *id.* (stating that recent legislative change "does nothing to alleviate the deep uncertainty as to what circumstances actually qualify for this exception."); *id.* at 9 ("Idaho's stringent ban on abortions, and the lack of clarity surrounding when termination of a pregnancy is permissible to save the life of the mother, itself creates grave uncertainty for physicians attempting to provide the gold standard of medical care when it matters most."); *id.* at 11 ("Even before § 18-622 took effect, medical providers in Idaho were stretched thin."); *id.* at 12 ("Indeed, the new law is even affecting residents in other related programs.").

Not only that, but even where those statements of harm are sourced, many of them concern comments that physicians made *before* the Crane Letter was even written. *E.g.,* Amicus Br. at 12–14 (citing Dr. McChane and Dr. Chisausky's comments in February 14 story from NPR affiliate KUOW); *id.* at 14 (citing Dr. Cooper's February 9, 2023 statements in The Spokesman-Review); *id.* at 14 (citing Dr. Huntsberger's statements in March 17 article in the Idaho Capitol Sun); *id.* at 15–16 (citing Dr. Owen's statements in March 19 Bonner County Daily Bee article). Such statements have no bearing whatsoever on harm that Plaintiffs say was caused by that letter.

The proposed amicus brief also contains page upon page of unsourced statements of physicians' purported harm from the Crane Letter, which are even more problematic. *See* Amicus Br. at 5–10 ("Idaho's abortion law has already created serious uncertainty among Idaho's physicians as to what kind of care they are legally able to provide."); *id.* at 13 ("Although 'medically, the decision is obvious'—the physician should 'act now'—they noted that 'legally, the decision becomes ambiguous' in light of Idaho's Total Abortion Ban."); *id.* at 20 ("Dr. Amelia Huntsberger, an OB-GYN at another hospital, similarly announced [before the Crane Letter] that she would leave the state due to the abortion laws."). Those statements are irrelevant to Plaintiffs' standing to sue and they are hearsay within hearsay within hearsay. The fact that St. Luke's states in a footnote that "[t]hese stories come to amicus directly from Idaho physicians" provides neither a guarantee of their reliability nor an opportunity for the Attorney General to cross-examine them in any way. Amicus Br. at 5 n.3. These unsourced statements are evidence that, if proffered by a party, could

never be admitted. So they are no more helpful submitted under cover of an amicus brief.

What St. Luke's really seems to want is to intervene—to take a position alongside Plaintiffs in this district court proceeding and to seek the same relief. *See* Fed. R. Civ. P. 24. Of course, a motion to intervene for the hearing on Monday would be manifestly untimely, *see id.* 24(a), (b)(1), and St. Luke's interests are amply protected by Plaintiffs, who make the same arguments for the same reasons. *See id.* 24(a)(2). But intervention would also subject the assertions St. Luke's makes in its briefing to greater scrutiny. Had St. Luke's intervened as a party and proffered these unauthenticated and unsworn allegations of harm to others, its case would be nil. So it should not be permitted to use the back door of an amicus brief to bring in evidence that would be rejected at the front. Inadmissible evidence of purported harm to non-parties is unhelpful to the Court, and oral argument about it much less so.

The Court should deny St. Luke's request for leave to submit an amicus brief and for time at argument.

DATED: April 21, 2023.

                                        STATE OF IDAHO
                                        OFFICE OF THE ATTORNEY GENERAL

                                By*:*   */s/ Lincoln Davis Wilson*
                                                LINCOLN DAVIS WILSON
                                                Chief, Civil Litigation and
                                                Constitutional Defense
                                                BRIAN V. CHURCH
                                                TIMOTHY LONGFIELD
                                                Deputy Attorneys General

*Attorneys for Defendants Attorney General Raúl Labrador and Certain County Prosecuting Attorneys*[2]

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

*/s/ Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and Constitutional Defense

---

[2] Jan Bennetts, Ada County Prosecutor; Chris Boyd, Adams County Prosecutor; Alex Gross, Boise County Prosecutor; Andrakay Pluid, Boundary County Prosecutor; Jim Thomas, Camas County Prosecutor; McCord Larsen, Cassia County Prosecutor; Trevor Misseldine, Gooding County Prosecutor; Mark Taylor, Jefferson County Prosecutor; Rob Wood, Madison County Prosecutor; Lance Stevenson, Minidoka County Prosecutor; Cody Brower, Oneida County Prosecutor; Benjamin Allen, Shoshone County Prosecutor; Grant Loebs, Twin Falls County Prosecutor; and Brian Naugle, Valley County Prosecutor.