ROBERT W. FERGUSON
   *Attorney General of the State of Washington*

PETER B. GONICK, WSBA 25616*
CRISTINA SEPE, WSBA 53609
   *Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Peter.Gonick@atg.wa.gov
Cristina.Sepe@atg.wa.gov
*Attorneys for Amicus Curiae State of Washington*
* *Pro hac vice application pending*

*Additional counsel for Amici States
identified on the signature page*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# SOUTHERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>            Plaintiffs,<br><br>            v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>           Defendants. | NO. 1:23-cv-00142-BLW<br><br>**STATES OF WASHINGTON, ARIZONA, CALIFORNIA, COLORADO, DELAWARE, HAWAI'I, ILLINOIS, MAINE, MINNESOTA, NEVADA, NEW JERSEY, NEW YORK, OREGON, RHODE ISLAND, AND DISTRICT OF COLUMBIA'S AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS** |

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.  INTEREST OF AMICI STATES ...........................................................................2

III. ARGUMENT ..........................................................................................................3

    A. The Attorney General's Interpretation of Idaho Law
       Impermissibly Criminalizes Out-of-State Abortion Care ........................3

    B. States Have an Interest in Preserving Their Own Policies .....................5

    C. The Attorney General's Interpretation Will Harm Amici
       State Interests ............................................................................................6

IV.  CONCLUSION ......................................................................................................8

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# TABLE OF AUTHORITIES

### Federal Cases

*Bigelow v. Virginia*,
 421 U.S. 809 (1975) ................................................................................................ 3, 4

*BMW of North America, Inc. v. Gore*,
 517 U.S. 559 (1996) ..................................................................................................... 4

*Dobbs v. Jackson Women's Health Organization*,
 142 S. Ct. 2228 (2022) ............................................................................................. 1, 2

*New York Life Ins. Co. v. Head*,
 234 U.S. 149 (1914) ..................................................................................................... 1

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
 538 U.S. 408 (2003) ..................................................................................................... 2

*United States v. Idaho*,
 No. 1:22-CV-00329-BLW, 2022 WL 3692618 (D. Idaho Aug. 24, 2022) ................ 6-7

### Statutes

22 Me. Stat. tit. 22, § 1598(1) ............................................................................................ 6

Cal. Health & Safety Code § 123462 ................................................................................ 5

H.B. 1851, 67th Leg., Reg. Sess., § 1 (Wash. 2022) ......................................................... 5

Idaho Code § 18-622 ..................................................................................................... 1, 2

Idaho Code § 18-622(2) ..................................................................................................... 3

Or. Rev. Stat. § 659.880 .................................................................................................... 5

Wash. Rev. Code § 9.02.100 ............................................................................................. 5

### Constitutional Provisions

Cal. Const., art. 1, § 1.1 .................................................................................................... 6

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Other

American College Of Obstetricians and Gynecologists,
  *Facts Are Important: Understanding Ectopic Pregnancy*,
  https://www.acog.org/advocacy/facts-are-important/understanding-
  ectopic-pregnancy (last visited Apr. 20, 2023) ................................................................. 7

Center for Reproductive Rights,
  *After Roe Fell: Abortion Laws by State*, https://reproductiverights.org/maps/abortion-laws-
  by-state/
  (last visited Apr. 20, 2023) ................................................................................................ 6

Interstate Medical Licensure Compact Commission,
  Rule on Coordinated Information System, Joint Investigations and Disciplinary Actions,
  https://www.imlcc.org/wp-content/uploads/2022/11/IMLCC-Rule-Chapter-6-Coordinated-
  Information-System-Joint-Investigations-and-Disciplinary-Actions-
  Adopted-November-16-2018-Amended-11-8-2022.pdf .................................................. 7-8

Interstate Medical Licensure Compact,
  https://imlcc.org (last visited Apr. 20, 2023) .................................................................... 8

National Academies of Sciences, Engineering, and Medicine,
  *The Safety and Quality of Abortion Care in the United States*
  (National Academies Press 2018),
  http://nap.nationalacademies.org/24950 ........................................................................... 6

Reuters Fact Check,
  *Fact Check-Termination of Pregnancy Can Be Necessary to Save
  a Woman's Life, Experts Say*, Reuters (Dec. 27, 2021),
  https://www.reuters.com/article/factcheck-abortion-false/fact-check-termination-of-
  pregnancy-can-be-necessary-to-save-a-womans-life-
  experts-say-idUSL1N2TC0VD ...................................................................................... 6

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# I. INTRODUCTION

States often disagree on what policies best support their citizens, and—in the wake of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022)—few issues offer as divergent views as access to reproductive healthcare services, including abortion. But among the most fundamental aspects of our nation's constitutional structure, one on which the very "preservation of which the Government under the Constitution depends," is that "all the States are restricted within the orbits of their lawful authority." *New York Life Ins. Co. v. Head*, 234 U.S. 149, 161 (1914). The Supreme Court has applied this principle to prevent a state from penalizing the performance of an abortion in another state where such care is lawful in that other state. Yet that is exactly what the Idaho Attorney General's interpretation of Idaho law would do.[1] Specifically, the Attorney General's interpretation finds that a referral for an out-of-state abortion constitutes assistance in the performance of abortion in violation of Idaho Code § 18-622. However, this provision of Idaho law prohibits assisting in the performance only of an abortion performed "in violation of this subsection," *i.e.*, of Idaho law. Accordingly, in finding that referrals for out-of-state abortions are prohibited by Idaho law, the Attorney General necessarily concludes that the out-of-state abortions themselves violate Idaho law. The Constitution forbids such an interpretation of state law.

Idaho's effort to penalize conduct that is lawful in other states would inflict numerous negative impacts on Amici States, such as discouraging travel and commerce, preventing

---

[1] The Attorney General has since retracted the March 27, 2023 letter. *See* Dkt. 35-1, Ex. A. This amicus brief addresses the concerns of states with respect to the interpretation advanced in the letter.

STATES' AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  continuity of care for those traveling among states, and potentially increasing health care costs
2  for those citizens temporarily in Idaho who cannot obtain timely reproductive healthcare
3  services outside of their home state. This Court should grant the preliminary injunction and
4  declare that Idaho Code § 18-622 does not apply to abortion care obtained or provided outside
5  of Idaho. *See* Dkt. 1 at 18 (Complaint's Prayer for Relief).

## II.     INTEREST OF AMICI STATES

Amici States have important sovereign interests in regulating activities within their borders. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003). As states that are committed to protecting access to reproductive healthcare, Amici have an interest in preventing undue obstacles for patients to travel to Amici States to avail themselves of healthcare services. *See Dobbs*, 142 S. Ct. at 2309 (Kavanaugh, J., concurring) (finding it "not especially difficult as a constitutional matter" to conclude that a State may not "bar a resident of that State from traveling to another State to obtain an abortion").

Amici States also serve as providers or administrators of healthcare services to many people and offer a full range of reproductive services, including abortion. In that capacity, Amici States own and operate public hospital systems, employ healthcare personnel, and license and/or regulate the many healthcare providers that operate within our jurisdictions. Amici States thus have an interest in preventing uncertainties for those healthcare providers that the Attorney General's interpretation of Idaho's abortion law may cause.

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## III. ARGUMENT

**A. The Attorney General's Interpretation of Idaho Law Impermissibly Criminalizes Out-of-State Abortion Care**

In the challenged letter, the Idaho Attorney General asserted that "Idaho law requires the suspension of a health care professional's license when he or she '*assists* in performing or attempting to perform an abortion.'" Dkt. 1, Ex. 1 (Attorney General letter) (quoting Idaho Code § 18-622(2)). However, an examination of the underlying statute makes clear that the prohibition on assistance is limited to "abortion[s] in violation of this subsection." Idaho Code § 18-622(2). Accordingly, the Attorney General's interpretation of § 18-622(2) indicates that, in his view, out-of-state abortions, even if perfectly legal in the state in which they occur, would be "abortion[s] in violation of" Idaho law. Although the Attorney General's opinion was nominally about in-state referrals, its reasoning has created lingering uncertainty regarding the provision of out-of-state abortion care that threatens a chilling effect on the provision of healthcare services in other states.

The Supreme Court has expressly recognized that states may not prohibit abortions that are legal in the state in which the abortion occurs, out of the recognition that states are co-equal sovereigns. For example, in *Bigelow v. Virginia*, the Supreme Court reversed the conviction of a Virginia newspaper editor who had published an advertisement for a New York abortion referral service that helped women obtain legal abortions in New York at a time when abortion was illegal in Virginia. The editor had been convicted of violating a Virginia statute that made it a misdemeanor to encourage or prompt, by the sale or circulation of any publication, the procuring of an abortion. *Bigelow*, 421 U.S. 809, 811–12 (1975). The Court dismissed

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Virginia's asserted interest in shielding its citizens from certain commercial advertisements published in Virginia to abortion referral services offered in another state. *Id.* at 827–28. The Court also explained that Virginia could not have regulated the advertiser's activity in New York, "and obviously could not have proscribed the activity in that State" either. *Id.* at 822–23. Nor could Virginia prevent its residents from traveling to New York to obtain abortion services or prosecute those residents "for going there." *Id.* at 824. The Court further emphasized, and critical to this case, that "Virginia possessed no authority to regulate the services provided in New York—the skills and credentials of the New York physicians and of the New York professionals who assisted them, the standards of the New York hospitals and clinics to which patients were referred, or the practices and charges of the New York referral services." *Id.* Likewise, here, Idaho would stretch its laws to penalize Idaho-licensed providers lawfully performing an abortion in a different state, though Idaho possesses no authority to regulate the services provided lawfully out-of-state. *See* Dkt. 2-1 at 18–19 (discussing Idaho providers who would like to provide abortions out-of-state) (citing Gibron Decl. ¶ 24; Gustafson Decl. ¶ 15).

*Bigelow* is also consistent with the Supreme Court's more recent decisions reading territorial restrictions on state sovereignty into the concept of due process. For example, in *BMW of North America, Inc. v. Gore*, the Court stated that a state has no "power . . . to punish [a defendant] for conduct that was lawful where it occurred and that had no impact on [the state] or its residents." *Gore*, 517 U.S. 559, 572–73 (1996). Amici States, of course, recognize states' police powers to protect their own residents, but Idaho cannot give its abortion

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

prohibitions extraterritorial effect by treating the lawful provision of abortion care outside the state as a violation of Idaho law.

### B. States Have an Interest in Preserving Their Own Policies

Amici States acknowledge Idaho's interest in exercising its police power over public health policy within its borders. Amici States likewise have a longstanding and significant interest in ensuring access to reproductive healthcare within their *own* borders. In Washington, for instance, voters codified the right to choose abortion into state law in 1991, "declar[ing] that every individual possesses a fundamental right of privacy with respect to personal reproductive decisions," including the "right to choose or refuse to have an abortion." Wash. Rev. Code § 9.02.100; *see also* H.B. 1851, 67th Leg., Reg. Sess., § 1 (Wash. 2022) (legislatively affirming that "[i]t is the longstanding public policy of this state to promote access to affordable, high quality sexual and reproductive health care, including abortion care, without unnecessary burdens or restrictions on patients or providers"). Similarly, in Oregon, state law ensures that a "consenting individual" cannot be deprived of "the choice of terminating the individual's pregnancy," nor can a health care provider "who is acting within the scope of the health care provider's license" be prohibited from "terminating or assisting in the termination of a patient's pregnancy." Or. Rev. Stat. § 659.880. Further, in California, the right to choose an abortion is not only enshrined in state statute, *see* Cal. Health & Safety Code § 123462 (declaring the public policy of the state that "[e]very pregnant individual or individual who may become pregnant has the fundamental right to choose to bear a child or to choose to have and to obtain an abortion"), but voters also recently approved an amendment to California's Constitution, which specifies that the constitution protects the "fundamental

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

right to choose to have an abortion." Cal. Const., art. 1, § 1.1. Many other states have similarly expressed the preservation of reproductive freedom as a significant individual right. *See* 22 Me. Stat. tit. 22, § 1598(1) (asserting Maine's public policy that the "State not restrict a woman's exercise of her private decision to terminate a pregnancy before viability"); *see also* Center for Reproductive Rights, *After Roe Fell: Abortion Laws by State*, https://reproductiverights.org/maps/abortion-laws-by-state/ (last visited Apr. 20, 2023) (interactive map showing state policies on rights to abortion care).

### C. The Attorney General's Interpretation Will Harm Amici State Interests

The Attorney General's interpretation of Idaho law substantially threatens Amici States' interests in the orderly provision of medical care. Specifically, the Attorney General's conclusion that out-of-state abortion care could violate Idaho law would result in delayed reproductive health services and irreparable harm for patients who may have otherwise traveled out-of-state to receive such care and providers who are licensed to lawfully provide such care outside of Idaho. Delays in receiving abortion care can increase both the risks for the patient and the costs of the procedure.[2] In addition, many pregnancy and miscarriage complications can require time-sensitive treatment, including abortion care, to stabilize emergency conditions. In such circumstances, any failure or delays in providing necessary abortion care puts the pregnant patient's life or health at risk.[3] *See United States v. Idaho*,

---

[2] National Academies of Sciences, Engineering, and Medicine, *The Safety and Quality of Abortion Care in the United States* 12, 77–78 (National Academies Press 2018), http://nap.nationalacademies.org/24950.

[3] *E.g.*, Reuters Fact Check, *Fact Check-Termination of Pregnancy Can Be Necessary to Save a Woman's Life, Experts Say*, Reuters (Dec. 27, 2021), https://www.reuters.com/article/factcheck-abortion-false/fact-check-termination-of-pregnancy-can-be-necessary-to-save-a-womans-life-experts-say-idUSL1N2TC0VD;

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

No. 1:22-CV-00329-BLW, 2022 WL 3692618, at *15 (D. Idaho Aug. 24, 2022) (identifying pregnancy-related complications that require emergency care and the harms caused by discouraging healthcare professionals from providing abortion care that would be necessary to save a patient's life).

These delays and increased risks and costs affect more than just Idaho residents. First, any residents of other states traveling to, or temporarily residing in, Idaho and seeking healthcare services could be affected. Second, as the provider of health insurance for state employees and their children, who may be temporarily visiting or residing in Idaho, Amici States have a direct financial interest in preventing increased risk to patients and cost of medical care resulting from undue delays or impeded continuity of care.

Finally, healthcare providers licensed in multiple states including Idaho would reasonably fear Idaho's apparent reading of its laws, producing a chilling effect on the lawful provision of healthcare in other states. For example, a healthcare provider licensed in both Idaho and a neighboring state, such as Washington or Oregon, may be reluctant to provide abortion services in Washington or Oregon for fear of being subjected to licensing enforcement action in Idaho, potentially resulting in the restriction of their Idaho license or the imposition of fines. This fear can be exacerbated due to reciprocal licensing schemes in which licensing enforcement action in Idaho may influence, and in some cases purportedly require, licensing enforcement action in another state. *See, e.g.*, Interstate Medical Licensure Compact,

---

American College Of Obstetricians and Gynecologists, *Facts Are Important: Understanding Ectopic Pregnancy*, https://www.acog.org/advocacy/facts-are-important/understanding-ectopic-pregnancy (last visited Apr. 20, 2023) ("[U]ntreated ectopic pregnancy is life threatening; withholding or delaying treatment can lead to death.").

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

https://imlcc.org (last visited Apr. 20, 2023) (showing over 25 states as members of the Compact); Interstate Medical Licensure Compact Commission, Rule on Coordinated Information System, Joint Investigations and Disciplinary Actions, at ¶ 6.5(a), https://www.imlcc.org/wp-content/uploads/2022/11/IMLCC-Rule-Chapter-6-Coordinated-Information-System-Joint-Investigations-and-Disciplinary-Actions-Adopted-November-16-2018-Amended-11-8-2022.pdf ("Any disciplinary action by a disciplining Board shall be considered unprofessional conduct and may be a basis for discipline by other member Boards. This includes any action that does not have a corresponding ground by the other member Board's Medical Practice Act . . . ."). State constitutional or statutory protections in some states may alleviate the reciprocal licensing concerns, but other states may not have such explicit protections.

This Court should prevent these harmful impacts of the Attorney General's interpretation of Idaho law.

## IV. CONCLUSION

This Court should grant Plaintiffs' motion for a preliminary injunction.

STATES' AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

DATED this 21st day of April, 2023.

ROBERT W. FERGUSON
  *Attorney General*
  *State of Washington*

*/s/ Peter B. Gonick*
PETER B. GONICK, WSBA 25616
CRISTINA SEPE, WSBA 53609
  *Deputy Solicitors General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Peter.Gonick@atg.wa.gov
Cristina.Sepe@atg.wa.gov

| | |
|---|---|
| KRISTIN K. MAYES<br>  *Attorney General*<br>  *State of Arizona*<br>2005 N. Central Ave.<br>Phoenix, AZ 85004 | ANNE E. LOPEZ<br>  *Attorney General*<br>  *State of Hawai'i*<br>425 Queen Street<br>Honolulu, HI 96813 |
| ROB BONTA<br>  *Attorney General*<br>  *State of California*<br>1515 Clay Street<br>Oakland, CA 94612 | KWAME RAOUL<br>  *Attorney General*<br>  *State of Illinois*<br>100 West Randolph Street<br>Chicago, IL 60601 |
| PHILIP J. WEISER<br>  *Attorney General*<br>  *State of Colorado*<br>1300 Broadway<br>Denver, CO 80203 | AARON M. FREY<br>  *Attorney General*<br>  *State of Maine*<br>6 State House Station<br>Augusta, ME 04333 |
| KATHLEEN JENNINGS<br>  *Attorney General*<br>  *State of Delaware*<br>820 N. French Street<br>Wilmington, DE 19801 | KEITH ELLISON<br>  *Attorney General*<br>  *State of Minnesota*<br>445 Minnesota Street, Suite 1400<br>St. Paul, MN 55101 |

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

| | | |
|---|---|---|
| 1 | AARON D. FORD<br>*Attorney General*<br>*State of Nevada*<br>100 North Carson Street<br>Carson City, NV 89701 | ELLEN F. ROSENBLUM<br>*Attorney General*<br>*State of Oregon*<br>1162 Court Street NE<br>Salem, OR 97301 |
| 4 | MATTHEW J. PLATKIN<br>*Attorney General*<br>*State of New Jersey*<br>25 Market Street<br>Trenton, NJ 08625 | PETER F. NERONHA<br>*Attorney General*<br>*State of Rhode Island*<br>150 South Main Street<br>Providence, RI 02903 |
| 7 | LETITIA JAMES<br>*Attorney General*<br>*State of New York*<br>The Capitol<br>Albany, NY 12224 | BRIAN L. SCHWALB<br>*Attorney General*<br>*District of Columbia*<br>400 6th Street, NW, Suite 8100<br>Washington, D.C. 20001 |

*Counsel for Amici States*

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# CERTIFICATE OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 21st day of April 2023, at Olympia, Washington.

>  */s/ Kelsi Zweifel*
> Kelsi Zweifel
>   *Confidential Secretary*
> 1125 Washington Street SE
> PO Box 40100
> Olympia, WA 98504-0100
> (360) 753-6200
> Kelsi.Zweifel@atg.wa.gov

STATES' AMICI CURIAE BRIEF IN
SUPPORT OF PLAINTIFFS

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200