RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador
and Certain County Prosecuting Attorneys*

## UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>         Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>         Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**OPPOSITION TO MOTION OF 14 STATES AND DISTRICT OF COLUMBIA FOR LEAVE TO FILE AMICUS CURIAE BRIEF** |

The Court should deny the eleventh-hour request by the State of Washington, together with thirteen other states and the District of Columbia (the "States"), to submit an amicus brief in connection with the Court's preliminary injunction hearing later today.  As a rare thing in the district courts, "[l]eave to file an amicus brief should be denied unless a party is not represented competently or at all, a decision in the present case may affect the interest of the amicus in another case in which he has an interest, or the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Greater Yellowstone Coalition v. Timchak*, No. CV-08-388-E-MHW, 2008 WL 4911410, at *6 (D. Idaho Nov. 13, 2008) (internal quotation marks and citations omitted).  And so as this Court has held, district courts "typically allow amicus briefs only when they are both timely and useful." *Idaho v. Coeur d'Alene Tribe*, No. 2:14-cv-00170-BLW, 2014 WL 2218329, at *1 (D. Idaho May 29, 2014) (Winmill, J.).  The States' proposed brief, like that of St. Luke's, is neither.

The States' proposed amicus brief in support of a preliminary injunction is not timely.  It hit the docket after business hours on the last business day before the preliminary injunction hearing, after all briefing on that motion was complete.  The States gave no advance notice of their intent to file it, or of their extraordinary request to do so without the supervision of any Idaho attorney.  Dkt. 93.[1]  They do not offer

---

[1] The States' failure to retain qualified local counsel in this matter, as outlined in the Attorney General's opposition to the pro hac vice motion of Peter B. Gonick, is a separate and independent reason to deny their motion for leave to file an amicus brief.

OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF – 1

any reason for their delay in filing until after the Attorney General would have no opportunity to respond. And while the briefing schedule in this case has been accelerated, that was at Plaintiffs' request and over the Attorney General's objection. Under that expedited schedule, the Court should not allow additional briefing well past the point that the Attorney General can respond or that the Court can consider it for the hearing.

The States' proposed amicus brief is not helpful either because it is directed entirely at an Article III controversy that does not exist.[2] The States devote their brief to arguing that the interpretation described in the Crane Letter is illegal. But that interpretation is not even before the Court because the Crane Letter is "withdrawn," "void in its entirety," and "does not represent the views of the Attorney General on any question of Idaho law." Withdrawal Letter at 1–2. That is why the Attorney General has not even addressed that interpretation in any of his briefing. An action challenging a withdrawn policy is not a real case or controversy, and so an amicus brief purporting to bolster such a challenge is manifestly unhelpful.

---

[2] In addition, the focus of the States' brief on *Bigelow v. Virginia*, 421 U.S. 809 (1975), substantially "duplicate[s] the arguments made in [Plaintiffs'] briefs, in effect merely extending [its] length." *Coeur d'Alene Tribe*, 2014 WL 2218329, at *1 (quoting *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)). But as this Court has observed, an amicus is meant to be a "friend of the court, not friend of a party." *Id.*

The Court should deny the States' request for leave to file an amicus brief.

DATED: April 24, 2023.

            STATE OF IDAHO
            OFFICE OF THE ATTORNEY GENERAL


By:  */s/ Lincoln Davis Wilson*
    LINCOLN DAVIS WILSON
    Chief, Civil Litigation and
    Constitutional Defense
    BRIAN V. CHURCH
    TIMOTHY LONGFIELD
    Deputy Attorneys General

*Attorneys for Defendants Attorney General Raúl Labrador and Certain County Prosecuting Attorneys*[3]

---

[3] Jan Bennetts, Ada County; Chris Boyd, Adams County; Stephen Herzog, Bannock County; Mariah Dunham, Benewah County; Paul Rogers, Bingham County; Alex Gross, Boise County Prosecutor; Louis Marshall, Bonner County; Andrakay Pluid, Boundary County; Jim Thomas, Camas County; McCord Larsen, Cassia County; Shondi Lott, Elmore County; Trevor Misseldine, Gooding County; Lindsey Blake, Fremont County; Mark Taylor, Jefferson County; Brad Calbo, Jerome County; Stanley Mortensen, Kootenai County; Bill Thompson, Latah County; Bruce Withers, Lemhi County; Zachary Pall, Lewis County; Rob Wood, Madison County; Lance Stevenson, Minidoka County; Cody Brower, Oneida County; Chris Topmiller, Owyhee County; Mike Duke, Payette County; Benjamin Allen, Shoshone County; Grant Loebs, Twin Falls County; Brian Naugle, Valley County; and Delton Walker, Washington County.

## CERTIFICATE OF SERVICE

      I hereby certify that on April 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

                                      */s/ Lincoln Davis Wilson*
                                      LINCOLN DAVIS WILSON
                                      Chief, Civil Litigation and Constitutional Defense