UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREATER NORTHWEST, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the Sate of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>　　　　Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　This case involves a challenge to Attorney General Labrador's interpretation of Idaho's criminal abortion statute, Idaho Code § 18-622. Plaintiffs filed their complaint and a motion for a preliminary injunction on April 5, 2023. The next day, the Court set a status conference for April 7. Hours before the status

**MEMORANDUM DECISION AND ORDER - 1**

conference, Defendants circulated to Court and counsel a new letter from the Attorney General that withdrew the letter containing the challenged legal interpretation. Dkt. 41-4. At the status conference, the Court and the parties discussed a schedule for litigating the preliminary injunction given the new letter. The Court ultimately set an expedited briefing schedule for both the Plaintiffs' preliminary injunction and Defendants' motion to dismiss. Dkt. 41. On April 24, the Court held a hearing on the motions, which are now under advisement.

Now, three days after the hearing, the Attorney General has asked for supplemental briefing. He has now issued another letter, this one a policy opinion, that interprets his authority to prosecute violations of the criminal abortion statute. He would like to relitigate the preliminary injunction and motion to dismiss in light of this letter. Moreover, he apparently regrets his choice to litigate the case "solely on the ground that no Article III controversy exists." Dkt. 106 at 3. Now, he asks for "the opportunity to brief the extent to which Plaintiffs' intended conduct here—counseling and referrals for out-of-state abortions—constitutes protected speech under the First Amendment." *Id.* at 3.

The Court will deny the motion for supplemental briefing. The Attorney General could have issued the new opinion or made the protected speech argument on the original briefing schedule. Plaintiffs have waited several weeks for urgent

MEMORANDUM DECISION AND ORDER - 2

relief—due in part to the Court's calendar—and the Court will not impose further delay for matters that could and should have been brought sooner. The Court will resolve the motion for a preliminary injunction and the motion to dismiss on the briefs that the parties timely filed.

## ORDER

**IT IS ORDERED that:**

1. Defendants Motion for Supplemental Briefing (Dkt. 106) is **DENIED**.

DATED: May 2, 2023

B. Lynn Winmill
U.S. District Court Judge