RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*

# UNITED STATE DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KEN-TUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients, | Case No. 1:23-cv-00142-BLW |
| | **MEMORANDUM OF LAW OF CERTAIN COUNTY PROSE-CUTORS IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO MOTION FOR PRELIMINARY IN-JUNCTION** |
| Plaintiffs, | |
| v. | |
| RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities, | |
| Defendants. | |

INTRODUCTION

While some of the parties in this action engaged in briefing and a hearing re-
garding Plaintiffs' preliminary injunction motion and certain Defendants' motions to
dismiss, *see* Dkts. 2, 41, 100, several other county prosecutors had not been properly
served and were thus not subject to the Court's jurisdiction (the "County Prosecu-
tors").[1]  Since that time, these County Prosecutors have reached an agreement with
Plaintiffs' counsel to accept service effective as of April 28, 2023.  *See* Wilson Decl.
Ex. A.  But because the County Prosecutors had not been served at the time of the
Court's hearing, they did not have an opportunity to lodge a defense against Plain-
tiffs' claims.  They do so now, and timely move to dismiss for lack of subject matter
jurisdiction and failure to state a claim for relief.

A cursory review of Plaintiffs' Complaint shows that this case has no business
continuing against the County Prosecutors.[2]  There isn't a single fact alleged, much
less supported by declaration, against the County Prosecutors, and it is unclear what

---

[1] These County Prosecutors are Bailey Smith of Teton County, Adam McKenzie of
Bear Lake County, Matt Fredback of Blaine County, Bryan Taylor of Canyon County,
S. Douglas Wood of Caribou County, Vic Pearson of Franklin County, Erick Thomson
of Gem County, and Justin Coleman of Nez Perce County.

[2] Plaintiffs have used the term "County Prosecuting Attorneys" in their caption as
shorthand.  But that term obscures an important fact.  Plaintiffs sued each of the 44
Idaho County Prosecutors separately. There is no such entity as the so-named
"County Prosecuting Attorneys."

factual basis Plaintiffs had to even name all 44 Idaho County Prosecutors as Defend-
ants.[3]  That aside, the Court should not countenance for even one more day Plaintiffs'
attempt to proceed against Defendants as to whom they make no allegations and who
have taken no actions.  The Court should deny a preliminary injunction as to the
County Prosecutors dismiss them from this action for lack of jurisdiction and failure
to state a claim.

## LEGAL STANDARDS

As an initial matter, Plaintiffs' claims cannot proceed "at all" unless this Court
has jurisdiction, *Ex parte McCardle*, 74 U.S. 506, 514 (1868), which requires Plaintiffs
to have Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  The
County Prosecutors thus move to dismiss under Fed. R. Civ. P. 12(b)(1), which means
the Court considers not just Plaintiffs' allegations but also "any other particularized
allegations of fact[] in affidavits," like the declarations submitted with this motion.
*See Table Bluff Rsrv. (Wiyot Tribe) v. Phillip Morris, Inc.*, 256 F.3d 879, 882 (9th Cir.
2001).

The County Prosecutors also move to dismiss under Rule 12(b)(6) because
Plaintiffs Complaint lacks a cognizable legal theory and lacks sufficient facts alleged
under a cognizable theory. *See Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir.

---

[3] On May 4, 2023, the Attorney General inquired whether Plaintiffs would agree to
dismiss the county prosecutors from this case given this lack of factual allegations
and the declarations proffered by the county prosecutors.  Plaintiffs' counsel said they
would raise the issue with their clients, but then they responded by moving to strike
all the declarations proffered by the county prosecutors.

2013) (citations omitted).  Their Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citations and internal quotation marks omitted).  And as this Court has recognized, it must do so as to each named defendant. *Watkins v. Kootenai Cnty. Sheriff's Off.*, No. 1:22-CV-00338-BLW, 2022 WL 16797988, at *3 (D. Idaho Nov. 8, 2022); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).  It is insufficient to merely plead "conclusory allegations and generalities, without any allegation of the specific wrongdoing by each Defendant," *Hydrick*, 669 F.3d at 942, or to  "[a]lleg[e] the mere possibility of misconduct." *Watkins*, 2022 WL 16797988, at *3 (quotation and citation omitted).

## ARGUMENT

## I.   The Court lacks jurisdiction over the County Prosecutors because they have not injured, or threatened to injure, Plaintiffs.

The law on standing has been well briefed by the other Defendants already, so the County Prosecutors will not rehash it here.  *See* Dkts. 42, 85, 107.  It is enough simply to add that Plaintiffs must have suffered "an injury in fact as to each defendant." *Ariz. Att'ys for Crim. Just. v. Brnovich*, No. 20-16293, 2021 WL 3743888, at *1 (9th Cir. Aug. 24, 2021), *cert. denied*, 142 S. Ct. 2648 (2022). In this pre-enforcement challenge, Plaintiffs must show that they face "a genuine threat of imminent prosecution." *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 748 (9th Cir. 2020) (citation and internal quotation marks omitted).  This is their burden, and they don't come close to meeting it.  Neither their Complaint nor their

declarations allege any action by the County Prosecutors, and the County Prosecutors' declarations show that no relevant action has been taken. That compels dismissal for lack of jurisdiction.

### A. Plaintiffs allege nothing about the County Prosecutors and instead focus solely on the Attorney General.

Plaintiffs' Complaint is virtually silent regarding the County Prosecutors, so hardly anything needs to be said here. Plaintiffs only even reference the "County Prosecuting Attorneys" twice: first when they identify who they've sued, Dkt. 1 ¶ 17, and last when they identify who they want an injunction against, *id.* at 18, *Prayer for Relief*. That's it.

Instead, Plaintiffs' Complaint is hyper focused on a private communication between the Attorney General and Representative Crane, and obviously so. Plaintiffs' boogeyman isn't alleged to be any County Prosecutor. No, Plaintiffs' only person of concern is the Attorney General. They allege that they "are now the targets of a new attack at the hands of Idaho Attorney General Raúl Labrador." Dkt. 1 ¶ 2. "On March 27, 2023, in response to an inquiry from Representative Brent Crane, Idaho Attorney General Raúl Labrador issued publicly a letter interpreting Idaho's prohibitions on abortion." *Id.* ¶ 23. "Labrador's interpretation attempts to bring plainly First Amendment-protected activity within the ambit of the Total Abortion Ban." *Id.* ¶ 3. "As a result of Attorney General Labrador's letter, [Plaintiffs] have ceased having comprehensive conversations with their patients about out-of-state abortion options." *Id.* ¶ 4.

Noticeably absent? Any reference to the County Prosecutors.

**B.      The County Prosecutors have taken no action relative to Plain-tiffs' claims.**

Not only do Plaintiffs fail to allege any fact against the County Prosecutors, but the County Prosecutors have proffered declarations showing the lack of any connection to Plaintiffs' allegations about the Crane Letter.  Before this lawsuit was filed, the County Prosecutors had never even seen the Crane Letter.  *See* Wilson Decl. Ex. B ¶¶ 2–3.[4]  They did not understand the Crane Letter to constitute any guidance or directive about Idaho Code § 18-622.  *Id.* ¶ 4.  They have stated that the Attorney General lacks any supervisory authority over their work or the power to direct them to an initiate a prosecution without their consent.  *Id.* ¶ 8.  And of crucial importance, none of the County Prosecutors themselves have taken a position on Idaho Code § 18-622 or threatened anyone (let alone Plaintiffs) with prosecution under Idaho Code § 18-622 under any theory (let alone Plaintiffs' theory).  *Id.* ¶¶ 5–7.

Nothing relevant has changed about the County Prosecutors' position now that Plaintiffs' litigation has exposed them to the Crane Letter.  Their prosecutorial decisions are based on their own independent legal duty, interpretation of the law, and discretion.  *Id.* ¶ 6.  The Crane Letter is not a directive to prosecute, and the Attorney General has not directed any of the County Prosecutors to prosecute crimes under Idaho Code § 18-622—nor does he have any power to.  *See* Dkt. 106-1 (Idaho Attorney General Opinion No. 23-1).  Regardless, none of the County Prosecutors regard the

---

[4] The County Prosecutors cite the Smith Declaration (Ex. B to Wilson Decl.) as an exemplar of the similar declarations they have all proffered here.

Crane Letter as a directive. Wilson Decl. Ex. B ¶ 4. Simply put, it has zero relevance to their prosecutorial work. And nothing in the Complaint says otherwise.

In addition to these already concerning facts, not one Plaintiff has facilities in the counties at issue here. Plaintiffs reside in Ada, Twin Falls, and Valley Counties. Dkt. 1 ¶¶ 10–12. Plaintiffs offer nothing to show how prosecutors in other counties pose any threat of prosecuting them. Wilson Decl. Ex. B ¶ 10.

### C. The lack of any allegation or evidence against the County Prosecutors is fatal to standing.

The upshot of all of this is that Plaintiffs' lack Article III standing to sue the County Prosecutors. Plaintiffs nowhere allege that the County Prosecutors acted, or intended to act, on the Crane Letter, hold to any position set forth in the Crane Letter, or have any position whatsoever on Idaho Code § 18-622. They also don't allege that the County Prosecutors even saw the Crane Letter or consider it relevant in any way now that they've been exposed to it through this litigation. And while Plaintiffs might have some basis to sue the prosecutors if they alleged that the law as written prohibits their conduct, here, they allege the opposite—that the law *does not* condemn their conduct. *See* Dkt. 1 ¶ 40; Dkt. 2-1 at 4–5. In short, Plaintiffs have failed to allege any facts that suggest the County Prosecutors pose a threat of imminent prosecution to them.

Not only that, but the County Prosecutors' declarations foreclose any attempt to establish any threat on which Plaintiffs could sustain their claims against the County Prosecutors. The County Prosecutors have done absolutely nothing that

could be construed as a threat to Plaintiffs.  *See* Wilson Decl. Ex. B.  The Complaint makes clear that Plaintiffs' fear is connected solely to the Attorney General.  Plaintiffs have suffered no injury at the hands of the County Prosecutors, meaning they also do not face irreparable harm.  They cannot bring these claims against the County Prosecutors in federal court, and they are not entitled to an injunction.  This Court lacks jurisdiction over the claims against the County Prosecutors and must dismiss them from this Complaint.

## II.    Plaintiffs fail to state a claim against the County Prosecutors.

For the same reasons that Plaintiffs fail to allege a basis for standing against the County Prosecutors, they fail to state a claim under Rule 12(b)(6).  The total absence of any allegations against the County Prosecutors requires their dismissal. "Despite naming [over 40] individual defendants in the complaint, Plaintiff[s] mention[] only [one] as part of [their] factual recitation." *Murphy v. Coconino Cnty. Sheriff's Off.*, No. CV-08-8089-PHX-DGC, 2009 WL 2383016, at *2 (D. Ariz. July 31, 2009).

This falls far short of what the law demands from a Complaint.  Courts in this District abjure a "shotgun pleading, which 'violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.'" *Fitzpatrick v. Little*, No. 1:22-CV-00162-DCN, 2023 WL 129815, at *8 (D. Idaho Jan. 9, 2023) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)).  An improper shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants … the claim is brought against." *Barmapov*, 986 F.3d at 1325 (citation omitted).  But

Plaintiffs' Complaint here doesn't even rise to that level.  Instead of a shotgun blast against all Defendants, they aim their allegations solely at the Attorney General, on which basis they somehow assert the liability of 44 county prosecutors.  And even if Plaintiffs' allegations against the withdrawn Crane Letter had hit the target, they come nowhere close to the County Prosecutors.

Plaintiffs cannot lump Defendants together by alleging facts against only one of them.  Their allegations are nowhere close to having an "arguable basis in law or in fact" sufficient to assert a claim against the County Prosecutors.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).  Because of "the absence of factual allegations, the claims against [the County Prosecutors] [must] be dismissed."  *Coconino*, 2009 WL 2383016, at *2.

## CONCLUSION

The Court should grant this motion to dismiss, deny a preliminary injunction as to the County Prosecutors, and dismiss them from this action for lack of jurisdiction and failure to state a claim.

///

///

///

///

///

DATED:  May 5, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By: ___*/s/ Lincoln Davis Wilson*_____
        LINCOLN DAVIS WILSON
        Chief, Civil Litigation and
        Constitutional Defense
        BRIAN V. CHURCH
        TIMOTHY LONGFIELD
        Deputy Attorneys General

*Attorneys for Defendants Adam McKenzie,
Bear Lake County; Matt Fredback, Blaine
County; Bryan Taylor, Canyon County; S.
Douglas Wood, Caribou County; Vic Pearson,
Franklin County, Erick Thomson, Gem
County, Justin Coleman, Nez Perce County;
and Bailey Smith, Teton Valley County.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

*/s/ Lincoln Davis Wilson*

LINCOLN DAVIS WILSON
Chief, Civil Litigation and Constitu-
tional Defense
