Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
   Idaho Foundation Cooperating Attorney
1717 K Street NW, Suite 900
Washington, DC 20006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
  Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs*
*identified on following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## SOUTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY**, on behalf of itself, its staff, physicians and patients, **CAITLIN GUSTAFSON, M.D.**, on behalf of herself and her patients, and **DARIN L. WEYHRICH, M.D.**, on behalf of himself and his patients,<br><br>        Plaintiffs,<br><br>  v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE** and **IDAHO STATE BOARD OF NURSING**, in their official capacities, **COUNTY PROSECUTING ATTORNEYS**, in their official capacities,<br><br>        Defendants. | Case No.  1:23-cv-00142-BLW<br><br>**COMBINED MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND IN REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood
Great Northwest, Hawaii, Alaska, Indiana,
Kentucky*

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
    Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

*Attorneys for Physician Plaintiffs*
*\* Admitted pro hac vice*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................... 1

FACTUAL BACKGROUND ............................................................................... 1

ARGUMENT ...................................................................................................... 2

I.   PLAINTIFFS HAVE STANDING TO SUE THE MOVING COUNTY
     PROSECUTORS ........................................................................................ 2

     A.   AG Labrador Has Communicated a Threat of Prosecution, and
          the Moving County Prosecutors Have Refused to Disavow His
          Threat ............................................................................................... 3

     B.   Enforcement History Has "Little Weight" For New Laws .................. 5

II.  PLAINTIFFS HAVE STATED A CLAIM AGAINST THE MOVING COUNTY
     PROSECUTORS ........................................................................................ 5

III. THE MOVING COUNTY PROSECUTORS' OPPOSITION TO PLAINTIFFS'
     MOTION FOR A PRELIMINARY INJUNCTION IS UNTIMELY AND
     SHOULD NOT BE PERMITTED .................................................................. 6

CONCLUSION ................................................................................................... 7

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Arizona Attorney's for Criminal Justice v. Brnovich*, No. 20-16293, 2021 WL 3743888 (9th Cir. Aug. 24, 2021)..........................................................................2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................5, 6

*Babbitt v. United Farm Workers Nationa Union*, 442 U.S. 289 (1979).........................2

*Barmapov v. Amuial*, 986 F.3d 1321 (11th Cir. 2021) ..........................................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...................................................5

*Bryant v. Woodall*, 1 F.4th 280 (4th Cir. 2021) ........................................................2

*California Trucking Ass'n v. Bonta*, 996 F.3d 644 (9th Cir. 2021) ..............................3

*Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004) ..............2

*Tingley v. Ferguson*, 47 F.4th 1055 (9th Cir. 2022) ..............................................3, 5

*United States v. George*, 291 F. App'x 803 (9th Cir. 2008) ........................................7

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 65(a)(1)................................................................................................7

Idaho Code
    § 19-304 .............................................................................................................5
    § 31-2227 ..........................................................................................................1

## INTRODUCTION

Certain County Prosecutor Defendants (the "Moving County Prosecutors") now move to dismiss Plaintiffs' Complaint, arguing that Plaintiffs have failed to establish Article III standing and to state a claim against them. *See* Dkt. 127; Dkt. 129; Dkt. 131; Dkt. 135.  In so doing, the Moving County Prosecutors borrow from AG Labrador's playbook—claiming that Plaintiffs have failed to demonstrate a threat of enforcement of Idaho Code § 18-622 while simultaneously refusing to disavow AG Labrador's blatantly unconstitutional interpretation that the law applies to out-of-state abortion care.  The Moving County Prosecutors cannot have their cake and eat it too. The record clearly shows that Plaintiffs have established standing and have stated a claim against the Moving County Prosecutors.  This Court should dismiss the Moving County Prosecutors' motion to dismiss and grant Plaintiffs' urgently requested preliminary injunctive relief.

## FACTUAL BACKGROUND[1]

Idaho's County Prosecutors have the "primary duty of enforcing all the penal provisions of any and all [Idaho] statutes."  Idaho Code § 31-2227.  Thus, they "bear primary responsibility for enforcing Idaho Code § 18-622(2) in their respective Idaho counties."  Compl. ¶ 17 (citing Idaho Code § 31-2227).  To date, no County Prosecutor has disavowed the unconstitutional Labrador Interpretation of Idaho Code § 18-622(2), despite having many opportunities to do so. Indeed, in declarations appended to their motion to dismiss, the Moving County Prosecutors have explicitly refused to disavow the Labrador Interpretation, stating that their offices "ha[ve] taken no position regarding the scope of enforcement under Idaho Code § 18-622."  Dkt. 127-4 ¶ 5; *see also* Dkt. 127-5 ¶ 5; Dkt. 127-6 ¶ 5; Dkt. 127-7 ¶ 5; Dkt. 127-8 ¶ 6.  Moreover, none of the Moving

---

[1] Plaintiffs incorporate by reference the factual allegations concerning AG Labrador's unconstitutional interpretation of Idaho Code § 18-622 (the "Labrador Interpretation")—and subsequent refusal to disavow that interpretation—that are detailed in their opposition to AG Labrador's motion to dismiss (the "MTD Opposition").  *See* Dkt. 81 at 3-5.

County Prosecutors have stated that they do not intend to prosecute for violations of the Labrador Interpretation or have otherwise taken any steps to alleviate the threat to Plaintiffs' constitutionally protected conduct posed by the Labrador Interpretation.

**ARGUMENT**

**I.      Plaintiffs Have Standing to Sue the Moving County Prosecutors.**

The Moving County Prosecutors contend that Plaintiffs have not established Article III standing against them because Plaintiffs have not met their burden of showing that they have suffered "an injury in fact as to each defendant."  Dkt. 127-1 at 4 (quoting *Ariz. Atty's for Crim. Just. v. Brnovich*, No. 20-16293, 2021 WL 3743888, at *1 (9th Cir. Aug. 24, 2021), *cert denied sub nom.*, 142 S. Ct. 2648 (2022)).  This argument, which recycles many of the same meritless claims from AG Labrador's motion to dismiss, is unavailing.

At the outset, Plaintiffs note that the Ninth Circuit has found that Idaho County Prosecutors, like the AG, are "proper defendant[s]" in lawsuits seeking to enjoin enforcement of criminal abortion "provisions creating the potential for prosecution."  *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004).  This makes sense, because County Prosecutors "bear primary responsibility for enforcing" penal laws "in their respective Idaho counties."  Compl. ¶ 17.

As Plaintiffs' MTD Opposition explained in greater detail, *see* Dkt. 81 at 11-12, it is well established that individuals may bring a pre-enforcement challenge against government officials with prosecutorial authority where, as here, they face a "credible threat of prosecution."  *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).  "A plaintiff faces a credible threat of future enforcement so long as the threat is not 'imaginary or wholly speculative,' *Babbitt*, 442 U.S. at 302, 'chimerical,' *Steffel* [*v. Thompson*, 415 U.S. 452, 459 (1974)], or 'wholly conjectural,' *Golden v. Zwickler*, 394 U.S. 103, 109 (1969)."  *Bryant v. Woodall*, 1 F.4th 280, 285 (4th Cir. 2021), *as amended* (June 23, 2021) (some quotation marks and citations omitted).

The Ninth Circuit applies a three-factor inquiry to "determine whether a threat of enforcement is genuine enough to confer an Article III injury": "(1) whether the plaintiff has a 'concrete plan' to violate the law, (2) whether the enforcement authorities have 'communicated a specific warning or threat to initiate proceedings,' and (3) whether there is a 'history of past prosecution or enforcement.'"  *Tingley v. Ferguson*, 47 F.4th 1055, 1066-67 (9th Cir. 2022).  The Moving County Prosecutors do not contest the first factor[2] and focus their energy on the latter two factors, maintaining that the Complaint's "virtual[] silen[ce]" concerning any threats from the Moving County Prosecutors and the Moving County Prosecutors' lack of enforcement action relative to Plaintiffs' claims forecloses any cognizable injury.  *See* Dkt. 127-1 at 5-6.  Neither argument has any merit.

### A.  AG Labrador Has Communicated a Threat of Prosecution, and the Moving County Prosecutors Have Refused to Disavow His Threat.

In satisfying the second *Tingley* factor, Plaintiffs need not point to an explicit statement from a Moving County Prosecutor that he or she plans to enforce a challenged law or legal interpretation to establish a threat or warning.  Rather, the existence of a cognizable threat can be satisfied with "general warning of enforcement coupled with [plaintiffs'] self-censorship in the face of the law."  *Tingley*, 47 F.4th at 1066-68.  A government official's "refusal to disavow enforcement" of a challenged law or interpretation is "strong evidence that the state intends to enforce" that law and serves as a general warning that plaintiffs face a "credible threat."  *California Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021); *see Tingley*, 47 F.4th at 1066-68

---

[2] In any event, Plaintiffs have readily demonstrated that the first *Tingley* factor has been met here. As AG Labrador has conceded, Plaintiffs have alleged specific past instances of actions that would violate the Labrador Interpretation—"for example by 'provid[ing] patients with information about obtaining an out-of-state abortion' and 'referr[ing] women to abortion providers in other states after *Dobbs* but stop[ping] doing this when they learned about the [Labrador Interpretation],'" Dkt. 81 at 13 (quoting Dkt. 41-1 at 19-20) (alterations in original)—which is all that is needed to satisfy the first *Tingley* factor.  *See Tingley*, 47 F.4th at 1068 (first factor requires only that plaintiff allege "specific past instances" of acting "in a way that would violate the law").

("general warning" of enforcement can consist of "the government's failure to *disavow*
enforcement").

Such is the case here.  AG Labrador, "Idaho's top law enforcement officer," has made
clear—in an official letter that has been publicly disseminated—that he believes that Idaho Code
§ 18-622 "applies to actions related to out-of-state abortions," and "neither his 'withdrawal' of the
letter nor any litigation-driven equivocations suggest otherwise."  Dkt. 81 at 15.  Further, despite
being "[g]iven multiple opportunities to do so, Defendants"—*including the Moving County
Prosecutors*—"have repeatedly declined to disavow the Labrador Interpretation, both in
communication with Plaintiffs . . . and in representations before this Court."  *Id.*  And, as a result,
"Plaintiffs are self-censoring by declining to provide their clients with information about and
assistance in obtaining legal out-of-state abortions."  *Id.*

The Moving County Prosecutors argue that their "declarations foreclose any attempt to
establish any threat on which Plaintiffs could sustain their claims against the County Prosecutors."
Dkt. 127-1 at 7.  In fact, the declarations have the opposite effect—they explicitly refuse to
disavow the blatantly unconstitutional Labrador Interpretation and leave the door open to the
prosecution of individuals, including Plaintiffs, under Idaho Code § 18-622 for actions related to
out-of-state abortions.  *See, e.g.*, Dkt. 127-4 ¶ 5 ("My office has taken *no position regarding the
scope of enforcement* under Idaho Code § 18-622." (emphasis added)); *see also id.* ¶ 9 ("I am
aware of no prosecution, or threat of prosecution, brought by anyone in my office against Plaintiffs
under Idaho Code § 18-622.").  This is precisely the evasive position that AG Labrador has taken
in this litigation in a gambit to avoid accountability.  Idaho's top law enforcement officer rang the
bell by declaring that physicians' routine, constitutionally protected activity violated Idaho law.
The Moving County Prosecutors cannot un-ring the bell by effectively declaring "no comment"

with respect to the substance of AG Labrador's threat.  Despite Defendants' slippery maneuvering, Plaintiffs have clearly satisfied the second *Tingley* factor.

### B.      Enforcement History Has "Little Weight" For New Laws

Because the Moving County Prosecutors essentially repackage AG Labrador's arguments on the third *Tingley* factor, Plaintiffs incorporate by reference their argument in the MTD Opposition that "the history of enforcement is entitled to 'little weight' for recent laws" including Idaho Code § 18-622 and the Labrador Interpretation, "such that standing must be found where the other two factors are satisfied."  Dkt. 81 at 16-17 (quoting *Tingley*, 47 F.4th at 1069).

Further, the Moving County Prosecutors' argument that they do not pose an enforcement threat to Plaintiffs because Plaintiffs do not have "facilities in the counties at issue here" ignores the relevant jurisdictional law.  Dkt. 127-1 at 7.  Idahoans from *any* county, including the counties of the Moving County Prosecutors here, can—and do—seek referrals or information about out-of-state abortions.  *See* Compl. ¶¶ 29, 33-34, 38-42.  Plaintiffs thus could be subject to prosecution even in counties they do not reside in or have facilities in if they provide referrals or information to patients in those counties.  *See* Idaho Code § 19-304 (Local Jurisdiction of Public Offenses – Offenses Committed in Different Counties) ("When a public offense is committed in part in one (1) county and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two (2) or more counties, the venue is in either county.").

## II.      <u>Plaintiffs Have Stated a Claim Against the Moving County Prosecutors.</u>

Given that Plaintiffs have clearly established injury in fact against the Moving County Prosecutors, it follows that Plaintiffs have stated a claim against the Moving County Prosecutors as well.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

AG Labrador issued an official interpretation of Idaho Code § 18-622—which was subsequently publicly disseminated—that served as an unambiguous threat of prosecution against individuals who provide assistance to Idahoans in need of out-of-state abortion services.  Compl. ¶¶ 23-26, 36.  Neither AG Labrador nor the Moving County Prosecutors—the "primary" enforcers of "Idaho Code § 18-622 in their respective Idaho counties," *id.* ¶ 17—have since disavowed this legal interpretation.  As a result, Plaintiffs, "due to their credible fear of civil and criminal prosecution," *id.* ¶ 36, are no longer providing information or referrals to patients seeking out-of-state abortion services, *see id.* ¶¶ 36-42.  This threat of prosecution, driven both by the Labrador Interpretation and the Moving County Prosecutors' refusal to disavow it, has violated and continues to violate Plaintiffs' constitutional rights.  *Id.* ¶¶ 44-67.  Plaintiffs have thus stated more than enough "factual content" to allow this Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.[3]

## III.   The Moving County Prosecutors' Opposition to Plaintiffs' Motion for a Preliminary Injunction Is Untimely and Should Not Be Permitted.

As has been made clear from the executed summonses on the docket, as well as Defendants' Errata, *see* Dkt. 138, all Moving County Prosecutors were served in advance of the Court's April 24, 2023 hearing on Plaintiffs' motion for preliminary injunctive relief.  They had a fulsome opportunity to file an opposition to Plaintiffs' preliminary injunction motion prior to the

---

[3] Plaintiffs also refute the Moving County Prosecutors' nonsensical claim that Plaintiffs' Complaint is a "shotgun pleading" that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (alteration in original).  Here, the Complaint is unambiguous that the County Prosecutors are named in this pre-enforcement action because of their primary role in prosecuting Idaho Code § 18-622(2), *see* Compl. ¶ 17, and that all three constitutional claims are brought against all Defendants, *see id.* ¶¶ 44, 55, 62.

hearing and deliberately did not take it.  In any event, the Moving County Prosecutors do not make any substantive objections to Plaintiffs' motion other than a conclusory statement that Plaintiffs have not demonstrated injury and thus have not shown irreparable harm.  Dkt. 127-1 at 8; *United States v. George*, 291 F. App'x 803, 805 (9th Cir. 2008) ("[F]ailure to adequately develop . . . arguments . . . operates as a waiver.").  Accordingly, they should not now be permitted to further delay the adjudication of Plaintiffs' long-pending motion for preliminary injunctive relief.  *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction . . . on notice to the adverse party.").

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Moving County Prosecutors' motion to dismiss and grant Plaintiffs' motion for preliminary injunctive relief.

Respectfully submitted,

Jennifer R. Sandman*
Catherine Peyton Humphreville*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
T: 212-965-7000
jennifer.sandman@ppfa.org
catherine.humphreville@ppfa.org

Michael J. Bartlett (ISB No. 5496)
Bartlett & French LLP
1002 W Franklin St.
Boise, Idaho 83702
T: 208-629-2311
F: 208-629-2460 (fax)
Michael@BartlettFrench.com

*Attorneys for Plaintiff Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana, Kentucky*

Andrew Beck*
Meagan Burrows*
Ryan Mendías*
Scarlet Kim*
American Civil Liberties
   Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-549-2633
F: 212-549-2649
abeck@aclu.org
mburrows@aclu.org
rmendias@aclu.org
scarletk@aclu.org

Dina Flores-Brewer (ISB No. 6141)
American Civil Liberties Union of
   Idaho Foundation
P.O. Box 1897
Boise, ID 83701
T: 208-344-9750
DFloresBrewer@acluidaho.org

*Attorneys for Physician Plaintiffs*

/s/ Colleen R. Smith
Colleen R. Smith (ISB No. 10023)
Stris & Maher LLP
American Civil Liberties Union of
   Idaho Foundation Cooperating
Attorney
1717 K Street NW, Suite 900
Washington, DC 2006
T: 202-800-5749
csmith@stris.com

Katherine V. Mackey*
Wilmer Cutler Pickering
   Hale and Dorr LLP
60 State Street
Boston, MA 02109
T: 617-526-6993
F: 617-526-5000
katherine.mackey@wilmerhale.com

Peter G. Neiman*
Alan E. Schoenfeld*
Michelle Nicole Diamond*
Rachel E. Craft*
Wilmer Cutler Pickering
   Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
T: 212-230-8800
F: 212-230-8888
peter.neiman@wilmerhale.com
alan.schoenfeld@wilmerhale.com
michelle.diamond@wilmerhale.com
rachel.craft@wilmerhale.com

*Attorneys for Plaintiffs*
*\* Admitted Pro hac vice*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Raul R. Labrador
Office of the Attorney General State of Idaho
700 W. Jefferson Street
P.O. Box 83720
Boise, ID 83720-0010

Members of the Idaho State Board of Medicine
Idaho State Board of Medicine
11341 W. Chinden Blvd.
Boise, ID 83714

Members of the Idaho State Board of Nursing
Idaho State Board of Nursing
11341 W. Chinden Blvd.
Boise, ID 83714

Jan M. Bennetts
Ada County Prosecuting Attorney
Adan County Prosecutor's Office
200 West Front Street, Room 3191
Boise, ID 83702

Christopher D. Boyd.
Adams County Prosecuting Attorney
201 Industrial Ave. Council, ID 83612
P.O. Box 604
Council, ID 83612

Alex Gross
Boise County Appointed Prosecuting Attorney
406 Montgomery Street
P.O. Box 186
Idaho City, Idaho 83631

Andrakay J. Pluid
Boundary County Prosecuting Attorney
6452 Kootenai Street, Room 12
P.O. Box 1148
Bonners Ferry, ID 83805

Steve Stephens
Butte County Prosecuting Attorney
P.O. Box 736
Arco, ID 83327

Jim Thomas
Camas County Prosecuting Attorney
501 Soldier Road
P.O. Box 160
Fairfield, ID 83327

McCord Larsen
Cassia County Prosecuting Attorney
1459 Overland Ave. 3rd Floor
P.O. Box 7
Burley, ID 83318

E. Clayne Tyler
Clearwater County Prosecuting Attorney
106 Michigan Ave.
Orofino, ID 83544

Trevor Misseldine
Gooding County Prosecuting Attorney
624 Main Street
Gooding, ID 83330

Mark Taylor
Jefferson County Prosecuting Attorney
Jefferson County Courthouse
210 Courthouse Way
Suite 220
Rigby, ID 83442

Rob Wood
Madison County Prosecuting Attorney
Madison County Clerk's Office
134 E Main Street
Rexburg, ID 83440

Lance Stevenson
Minidoka County Prosecuting Attorney
P.O. Box 368
Rupert, ID 83350

Cody L. Brower
Oneida County Prosecuting Attorney
10 W. Court Street

Malad, ID 83252

Ben Allen
Shoshone County Prosecuting Attorney
Shoshone County Courthouse
700 Bank Street, Suite 200
Wallace, ID 83873

Grant P. Loebs
Twin Falls County Prosecuting Attorney
425 Shoshone Street North
Third Floor
P. O. Box 126
Twin Falls, ID 83303-0126

Brian Naugle
Valley County Prosecuting Attorney
Valley County Courthouse
219 N. Main Street
Cascade, ID 83611

Stephen F. Herzog
Bannock County Prosecuting Attorney
624 E Center Street, Room 204
Pocatello, ID 83201

Adam McKenzie
Bear Lake County Prosecuting Attorney
Bear Lake County Courthouse
30 N Main Street
P.O. Box 190
Paris, ID 83261

Mariah R. Dunham
Benewah County Prosecuting Attorney
701 W College Ave., Suite 201
St. Maries, Idaho 83861

Paul Rogers
Bingham County Prosecuting Attorney
501 N Maple Street
Blackfoot, Idaho

Matt Fredback
Blaine County Prosecuting Attorney
219 South 1st Ave.
Suite 201
Hailey, ID 83333

Louis Marshall
Bonner County Prosecuting Attorney
1500 Highway 2
Sandpoint, ID 83864

Randy Neal
Bonneville County Prosecuting Attorney
605 N Capital Ave.
Idaho Falls, Idaho 83402

Shondi Lott
Elmore County Prosecuting Attorney
Elmore County Courthouse Annex
190 South 4th East Street
Mountain Home Idaho 83647

Lindsey Blake
Fremont County Prosecuting Attorney
22 W. 1st North, Street
St. Anthony, ID 83445

Kirk A MacGregor
Idaho County Prosecutor
416 West Main Street
PO Box 463
Grangeville, Idaho 83530

Brad Calbo
Jerome County Prosecuting Attorney
Jerome County Judicial Annex
233 W Main Street
Jerome, ID 83338

Stanley Mortensen
Kootenai County Prosecuting Attorney
501 Government Way
Coeur d'Alene, ID 83814

Bill Thompson
Latah County Prosecuting Attorney
Latah County Courthouse
522 S Adams Street
Moscow, ID 83843

Zachary Pall
Lewis County Prosecutor
Lewis County Courthouse

510 Oak Street #2
Nezperce, ID 83543

Christopher Topmiller
Owyhee County Prosecuting Attorney
P.O. Box 128
Murphy, ID 83650

Mike Duke
Payette County Prosecuting Attorney
1115 1st. Ave. N.
Payette, ID 83661

Delton L. Walker
Washington County Prosecuting Attorney
Walker Law Office
232 E Main Street
Weiser, ID 83672

Janna Birch
Clark County Prosecuting Attorney
P.O. Box 2869
Idaho Falls, ID

Richard Roats
Lincoln County Prosecuting Attorney
111 West B Street
P.O. Box 860
Shoshone, ID 83352

Bryan Taylor
Canyon County Prosecuting Attorney
1115 Albany Street
Caldwell, ID 83605

S. Doug Wood
Caribou County Prosecuting Attorney
159 South Main Street
Soda Springs, ID 83276

Vic A. Pearson
Franklin County Prosecuting Attorney
Franklin County Prosecuting Attorney's Office
39 West Oneida
Preston, ID 83263

Erick Thomson
Gem County Prosecuting Attorney

306 E. Main Street
Emmett, ID 83617

Justin Coleman
Nez Perce County Prosecuting Attorney
1113 F Street
Lewiston, ID 83501

Jason E. "Mack" Mackrill
Power County Prosecuting Attorney
Power County Courthouse
543 Bannock Ave.
American Falls, ID 83211

Bailey A. Smith
Teton County Prosecuting Attorney
Law Enforcement Center
230 N Main Street, Suite 125
Driggs, ID 83422

And I FURTHER CERTIFY that on such date I served the foregoing on the following non-

CM/ECF registered participants via U.S. first class mail, postage prepaid addressed as follows:

Justin Oleson
Custer County Prosecuting Attorney
521 E. Main Ave.
PO Box 630
Challis, ID 83226-0630

Paul Withers
Lemhi County Prosecutor
1301 Main Street, Suite 6
Salmon, ID 83467

/s/ Colleen R. Smith
Colleen R. Smith (ISB No. 10023)