RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief of Civil Litigation and
Constitutional Defense

TIMOTHY J. LONGFIELD, ISB #12201
BRIAN V. CHURCH, ISB #9391
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
timothy.longfield@ag.idaho.gov
brian.church@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador
and Certain County Prosecuting Attorneys*

<div align="center">

**UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO**

</div>

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**COUNTY PROSECUTORS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS [Dkt. 127]** |

## INTRODUCTION

Plaintiffs say the Court should let them proceed against the County Prosecutors because the County Prosecutors have failed to disavow the interpretation of Idaho Code § 18-622 in the voided Crane Letter.  Dkt. 141 at 1, 6.  Plaintiffs cannot shift their burden like this.  It is *Plaintiffs* who must show the jurisdiction of the Court over their claims.  And it is *Plaintiffs* who must show that they have pled facts plausibly showing an entitlement to relief.  The whole purpose of a pre-answer motion is to test the jurisdictional and substantive sufficiency of a pleading *before* the defendant has to admit or deny anything.  Plaintiffs cannot leapfrog over these threshold questions based on what they presume the County Prosecutors will someday admit about what another official said to someone else.  The law rejects this approach.

Plaintiffs do not cite a single allegation that any County Prosecutor did anything.  Even Plaintiffs' misguided "failure to disavow" theory isn't in their pleading.  Plaintiffs don't mention any allegations because there are none.

Nor do Plaintiffs engage with the County Prosecutors' sworn denials that they have done anything with respect to Plaintiffs.  There is simply no good response to the County Prosecutors' sworn statements that they never received the Crane Letter and did not regard it as guidance.  Plaintiffs don't engage because they can't.

Plaintiffs don't even ask for leave to amend and replead claims against the County Prosecutors.  Plaintiffs don't ask because they have no facts to plead.

The County Prosecutors should all be dismissed from this action—either for lack of jurisdiction or with prejudice for failure to state a claim.

**ARGUMENT**

## I.     There is no jurisdiction over the County Prosecutors.

Plaintiffs offer nothing to show they have standing to sue the County Prosecu-tors.  They admit that standing for a pre-enforcement challenge requires them to show "they face a credible threat of prosecution."  Dkt. 141 at 2 (citation omitted).  Yet they do not cite a single allegation or piece of evidence of any such threat by the County Prosecutors.  Nor do Plaintiffs engage with the County Prosecutors' specific, sworn denials of any such threat—that they have "taken no position regarding the scope of enforcement under Idaho Code § 18-622" and are "aware of no prosecution, or threat of prosecution, brought by anyone in [their] office against Plaintiffs under Idaho Code § 18-622."  *See* Dkt. 127-4 ¶¶ 5, 9; *see also* Dkts. 116-1–4, 117-1–8, 121-1–3, 127-4–8, 132-1–2, 133-1–6, and 139-1–3.  Having failed both to allege a threat and to rebut the County Prosecutors' denials, Plaintiffs are left only with the "imagi-nary or wholly speculative" threats that they acknowledge are insufficient.  Dkt. 141 at 2 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979)).  They lack standing.

Notably, Plaintiffs admit that the County Prosecutors "bear primary responsi-bility for enforcing Idaho Code § 18-622(2) in their respective Idaho counties."  Dkt. 141 at 1 (quoting Compl. ¶ 17).  And they don't dispute that the Attorney General may bring or assist in such prosecutions "only if specifically requested by a county prosecutor pursuant to an appointment made by a district court."  Formal AG Opinion 23-1, Dkt. 106-1 at 1.  Still, they say the County Prosecutors are on the hook because

they "explicitly refuse to disavow" what they claim the Attorney General "believes" in the Crane Letter, which they characterize as "an official letter that has been publicly disseminated." Dkt. 141 at 4. This may be the best that Plaintiffs can do, but it isn't good enough.

Plaintiffs' grasping theory of standing fails on its own terms. The "disavowal" cases that Plaintiffs cite don't say there is Article III standing to sue a government official who fails to disavow the beliefs a different official purportedly has about the law. Rather, they say that, if a challenged state law prohibits the plaintiff's conduct, refusing to disavow enforcement of that law is evidence of a threat of enforcement. *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021); *Tingley v. Ferguson*, 47 F.4th 1055, 1066–68 (9th Cir. 2022). That's not what's happening here. Plaintiffs do not allege that the law itself prohibits their conduct—in fact, they allege the opposite and challenge only an interpretation of the law in a now-rescinded letter. *See* Dkt. 1 ¶ 40; Dkt. 2-1 at 4–5. That distinction is why it was fine to name a county prosecutor for a challenge to state law itself in *Planned Parenthood of Idaho, Inc. v. Wasden*, yet completely improper to name them all here where the County Prosecutors have not done a thing about the interpretation of law in the Crane Letter. 376 F.3d 908 (9th Cir. 2004).[1]

---

[1] As set forth in other briefing, *Wasden* has also been superseded in relation to its holding that the Attorney General is a proper defendant under *Ex parte Young*. Dkt. 41-1 at 8 n.4; Dkt. 42 at 8 n.4; Dkt. 85 at 3; Dkt. 106-1 at 4 n.2. The County Prosecutors note that Plaintiffs do not dispute the interpretation of Idaho law in Formal AG Opinion 23-1 regarding the Attorney General's inability to initiate prosecutions under section 18-622 without the consent of county prosecutors.

It bears emphasis that Plaintiffs do not challenge Idaho Code § 18-622(2) nor do they challenge any action by the County Prosecutors. They are rather challenging the "Attorney General's interpretation" of the law in the Crane Letter.  Dkt. 1 ¶¶ 41, 42, 48, 57, 66; *see also* Dkt. 1, *Prayer for Relief*.  Not only is that letter "withdrawn" and "void in its entirety," Dkt. 42-4 at 1–2, but there is nothing that connects it to the County Prosecutors.  The County Prosecutors so attested in their declarations, but Plaintiffs simply fail to engage with those sworn statements.  Critically, the County Prosecutors have stated that the Attorney General never sent the County Prosecutors a copy of the Crane Letter, that they received it only in litigation, that they did not regard it as guidance, and that they have taken no position on the enforcement of Idaho Code § 18-622.  *See* Dkt. 127-4 ¶¶ 5, 9; *see also* Dkts. 116-1–4, 117-1–8, 121-1–3, 127-4–8, 132-1–2, 133-1–6, and 139-1–3.  And as the Attorney General has explained, the Crane Letter was a private letter sent only to a single legislator and was never proffered as public guidance of any kind.  Dkt. 42-4 at 1–2.  Much less could it threaten wielding a prosecutorial power he lacks.  *See* Formal AG Opinion 23-1, Dkt. 106-1 at 1.

Instead of engaging with or contesting these facts showing the absence of a controversy, Plaintiffs try to shift the burden.  They falsely state that the County Prosecutors "explicitly refuse to disavow" the Crane Letter's interpretation.  Dkt. 141 at 4.  In fact, nothing in the County Prosecutors' declarations addresses the interpretation in the Crane Letter at all, much less explicitly.  Nor were they required to.

Plaintiffs' standing arguments against the County Prosecutors are based on nothing more than "[a]llegations of a subjective 'chill'", which are not "adequate." *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972). They've failed to carry their burden and demonstrate that the County Prosecutors pose a "threat of specific future harm" to them. *Id.* Plaintiffs are left asking this Court for an advisory opinion. *Id.* Dismissal is required.

Plaintiffs' theory of standing would turn disavowal jurisprudence on its head. Those cases stand for the common-sense principle that if the law prohibits the plaintiff's conduct and the government won't disavow enforcement, then it can be fairly assumed the law will be enforced as written. *Bonta*, 996 F.3d at 653. They do not, however, allow enterprising lawyers to turn any public official into a litigation target simply because the official declines to comment on *someone else's* statement about what the law means. "Silence is violence" may make for a catchy protest slogan, but it does not provide federal courts with jurisdiction.

## II.   There are no allegations against the County Prosecutors.

Stating a plausible claim against a defendant requires, at a minimum, allegations about that defendant. In clarifying the Rule 8 pleading standard in *Ashcroft v. Iqbal*, the Supreme Court insisted that "a plaintiff must plead that *each* Government-official defendant, through the official's *own individual actions*, has violated the Constitution." 556 U.S. 662, 676 (2009) (emphasis added). *Iqbal* thus imposes on Plaintiffs the burden to plead allegations specifically as to each County Prosecutor. But their Complaint contains no allegations about any action by any of the County

Prosecutors, much less all of them.  Plaintiffs have only a generalized "shotgun plead-

ing" against all Defendants "which 'violates either Federal Rule of Civil Procedure

8(a)(2) or Rule 10(b), or both.'" *Fitzpatrick v. Little*, No. 1:22-CV-00162-DCN, 2023

WL 129815, at *8 (D. Idaho Jan. 9, 2023) (quoting *Barmapov v. Amuial*, 986 F.3d

1321, 1324 (11th Cir. 2021)).  It fails as a matter of law.

Lacking any allegations against the County Prosecutors, Plaintiffs rest their

claims against the County Prosecutors on the theory that they have not "disavowed"

the interpretation of law in the Crane Letter.  Dkt. 141 at 6.  That theory fails both

for the reasons in Point I and because it is not alleged anywhere in their pleading.

*Iqbal* thus holds that Plaintiffs have no plausible claim for relief against the County

Prosecutors.  They must be dismissed.

This Court has rejected such deficient claims in strikingly similar circum-

stances.  In fact, just last year, this Court dismissed constitutional claims against a

county prosecutor because "[t]he body of the Complaint contains no allegations what-

soever" about the prosecutor, and thus "does not state a plausible claim" against her.

*Riggs v. Martinez*, No. 1:22-CV-00026-BLW, 2022 WL 1910254, at *4 (D. Idaho June

3, 2022) (Winmill, J.).  Here too, Plaintiffs' Complaint contains "no allegations what-

soever" about any actions by any of the 44 county prosecutors.  The same result is

required.

Other courts in this District have done likewise.  Judge Williams dismissed a

complaint where "Plaintiff stated no allegations as to the specific actions of the de-

fendants" that caused his alleged harm.  *Brown v. Reinke,* No. 1:11-CV-00104-MHW,

2012 WL 3731812, at *5 (D. Idaho Aug. 28, 2012) (Williams, J.).  Judge Nye held that

where a complaint had "no allegations against" seven of the defendants, "any claims

against these Defendants will be dismissed as implausible." *Allen v. Christensen*, No.

1:20-CV-00015-DCN, 2020 WL 3130288, at *11 (D. Idaho June 11, 2020) (Nye, J.).

And this Court dismissed claims against Doe defendants where a complaint made "no

allegations of any conduct by unidentified parties." *Thomason v. Moeller*, No. 4:16-

CV-141-BLW, 2017 WL 241322, at *18 (D. Idaho Jan. 19, 2017) (Winmill, J.), *aff'd*,

741 F. App'x 420 (9th Cir. 2018), and *aff'd*, 741 F. App'x 420 (9th Cir. 2018).

The appellate courts agree.  Just as the Ninth Circuit affirmed this Court's

dismissal in *Thomason*, the courts of appeals summarily affirm the dismissal of

pleadings that contain no allegations against a defendant.  The Sixth Circuit held

that *Iqbal* doomed a pleading that "made no allegations … that any particular de-

fendant carried out" the alleged wrongful conduct.  *Lucas v. Holland*, No. 17-5425,

2017 WL 4764472, at *3 (6th Cir. Sept. 26, 2017).  The Third Circuit affirmed the

dismissal of claims against officials where there were "no allegations that [they] were

involved in any of the decisions" related to the plaintiff.  *Allah v. Thomas*, 679 F.

App'x 216, 220 (3d Cir. 2017).  And the Second Circuit not only rejected a complaint

that "contained no allegations against any defendant," but held it was "properly dis-

missed … as frivolous." *Xiu Jian Sun v. Dillon*, 699 F. App'x 90 (2d Cir. 2017).  Plain-

tiffs' fact-less claims against the County Prosecutors are equally frivolous here.

Plaintiffs are represented by sophisticated New York counsel, so if they had

something they could allege against the County Prosecutors, one would have expected

them to mention it and perhaps seek leave to replead.  They haven't done so.  That is because, as the County Prosecutors' declarations show, there is nothing Plaintiffs *can* allege about the County Prosecutors.  The Court should therefore dismiss any claim against them with prejudice.

### III.   Enjoining County Prosecutors requires jurisdiction and a valid claim.

Finally, Plaintiffs complain that certain of the County Prosecutors did not join in the expedited opposition to Plaintiffs' motion for preliminary injunction, and so "they should not now be permitted to further delay the adjudication of Plaintiffs' long-pending motion for preliminary injunctive relief."  Dkt. 141 at 7.  At the outset, this objection charges the County Prosecutors with failing to appear and respond before they were required to do so under the parties' agreement.  *See* Dkt. 138.  But more importantly, Plaintiffs wrongly frame this as a matter of what the County Prosecutors should be "permitted" to do when the issues on this motion are mandatory.  If Plaintiffs lack standing to sue the County Prosecutors, then the Court lacks jurisdiction over them, and it cannot enjoin them.  *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).  And if Plaintiffs have not even pled a plausible claim for relief against the County Prosecutors, then they cannot show likelihood of success on the merits so as to earn a preliminary injunction.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Plaintiffs' failure to allege anything about the County Prosecutors thus dooms any attempt to enjoin them from doing anything.

CONCLUSION

The Court should dismiss the County Prosecutors who have joined this motion

per Dkts. 127, 129, 131, 135, and 145 for lack of jurisdiction and failure to state a

claim.

DATED:  June 2, 2023.

<div style="margin-left:40%;">

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   /s/ Lincoln Davis Wilson
          LINCOLN DAVIS WILSON
          Chief, Civil Litigation and
          Constitutional Defense
          TIMOTHY J. LONGFIELD
          BRIAN V. CHURCH
          Deputy Attorneys General

          *Attorneys for Defendants Attorney*
          *General Raúl Labrador and Certain*
          *County Prosecuting Attorneys*[2]

</div>

---

[2] Jan Bennetts, Ada County; Chris Boyd, Adams County; Stephen Herzog, Bannock County; Adam McKenzie, Bear Lake; Mariah Dunham, Benewah County; Paul Rogers, Bingham County; Matt Fredback, Blaine County; Alex Gross, Boise County; Louis Marshall, Bonner County; Randy Neal, Bonneville County; Andrakay Pluid, Boundary County; Steve Stephens, Butte County; Jim Thomas, Camas County; Bryan Taylor, Canyon County; S. Douglas Wood, Caribou County; McCord Larsen, Cassia County; Janna Birch, Clark County; E. Clayne Tyler, Clearwater County; Vic Pearson, Franklin County; Lindsay Blake, Fremont County; Erick Thomson, Gem County; Trevor Misseldine, Gooding County; Kirk MacGregor, Idaho County; Mark Taylor, Jefferson County; Brad Calbo, Jerome County; Stanley Mortensen, Kootenai County; Bill Thompson, Latah County; Bruce Withers, Lemhi County; Zachary Pall, Lewis County; Rob Wood, Madison County; Lance Stevenson, Minidoka County; Justin Coleman, Nez Perce County; Cody Brower, Oneida County; Chris Topmiller, Owyhee County; Mike Duke, Payette County; Jason Mackrill, Power County; Benjamin Allen, Shoshone County; Bailey Smith, Teton Valley County; Grant Loebs, Twin Falls County; Brian Naugle, Valley County; and Delton Walker, Washington County.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Colleen R. Smith
csmith@stris.com

Jennifer R. Sandman*
jennifer.sandman@ppfa.org

Catherine Peyton Humphreville*
catherine.humphreville@ppfa.org

Michael J. Bartlett
michael@bartlettfrench.com

Dina Flores-Brewer
dfloresbrewer@acluidaho.org

Andrew Beck*
abeck@aclu.org

Meagan Burrows*
mburrows@aclu.org

Ryan Mendías*
rmendias@aclu.org

Scarlet Kim*
scarletk@aclu.org

Peter G. Neiman*
peter.neiman@wilmerhale.com

Alan E. Schoenfeld*
alan.schoenfeld@wilmerhale.com

Michelle Nicole Diamond*
michelle.diamond@wilmerhale.com

Rachel E. Craft*
rachel.craft@wilmerhale.com

Katherine V. Mackey*
katherine.mackey@wilmerhale.com

*Pro hac vice*

/s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense