RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
TIMOTHY J. LONGFIELD, ISB #12201
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
lincoln.wilson@ag.idaho.gov
brian.church@ag.idaho.gov
timothy.longfield@ag.idaho.gov
*Attorneys for Defendant Raúl Labrador*
*and Certain County Prosecuting Attorneys*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTH-WEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>       Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>       Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY PENDING APPEAL** |

## INTRODUCTION

Two days ago, the Court granted a preliminary injunction against the Attorney General and ordered the parties to submit a litigation and discovery plan within 14 days. Dkt. 153. Yesterday, the Attorney General appealed this Court's order. Dkt. 154. So in light of the imminent deadlines set by the Court, the Attorney General now moves on an emergency basis to stay all proceedings pending appeal, including the Court's order to submit a litigation and discovery plan.

*First*, the Attorney General will experience irreparable harm absent a stay. Subjecting the Attorney General to discovery and further litigation will irretrievably strip away his sovereign interest in being free from such proceedings. This interest is so important that courts have held that it alone requires a stay.

*Second*, the Attorney General is likely to succeed on the merits of his appeal challenging the Court's jurisdiction to enter an injunction. The Attorney General continues to maintain for the reasons stated in prior briefing that no justiciable controversy exists. Although the Court has ruled otherwise, the fact that it has deferred ruling as to the County Prosecutors shows clearly the serious questions regarding jurisdiction in this case. Those questions, among others, warrant a stay.

*Third*, the balance of the harms and public interest favor a stay. Because the Attorney General has disclaimed the prosecutorial authority that the Court has enjoined, *see* Formal AG Opinion 23-1 (Dkt. 106-1), Plaintiffs will not be harmed by a stay. And it is in the public interest that federal courts not issue advisory opinions.

The Court should therefore grant a stay of proceedings pending appeal.

ARGUMENT

## I.  A stay is required to prevent irreparable harm.

Without a stay, the Attorney General would suffer irreparable harm through the loss of his Eleventh Amendment immunity.  This is so because "[t]he defense of sovereign … immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); *Goshtasby v. Bd. of Tr. of Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997).  Yet "the value to the States of their Eleventh Amendment immunity … is for the most part lost as litigation proceeds past motion practice." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 145 (1993).  That is why federal practice provides state officials "with swift access to appellate review" to avoid "the costs and general consequences of subjecting public officials to the risks of discovery and trial." *Summit Med. Assocs. v. James*, 998 F. Supp. 1339 (M.D. Ala. 1998).  But if the Court were to require the Attorney General "to continue discovery," he "would irretrievably lose the benefit of [his] immunity." *Christian v. Commonwealth of the N. Mariana Islands*, No. 1:14-CV-00010, 2016 WL 406340, at *2 (D. N. Mar. I. 2016).

This irreparable harm to the Attorney General requires a stay here.  In fact, the right to "immediately appeal any order denying such immunity" is so important that asserting it "'divests the district court of jurisdiction to proceed with trial.'" *Id.* (quoting *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)).  The Attorney General has important arguments to raise here concerning his Eleventh Amendment

immunity and the Court's attendant lack of jurisdiction.  As he has explained in prior briefing, *see* Dkt. 106 at 2; Dkt. 107 at 6; Dkt. 127-1 at 6; Dkt. 128 at 6; Dkt. 147 at 3, he has issued an official opinion that he lacks any authority to enforce Idaho Code § 18-622 "unless a county prosecutor specifically so requests and an appointment is made by the district court under Idaho Code § 31-2603."  Dkt. 106-1 at 4.  Since no such request or appointment has occurred, the Attorney General lacks prosecutorial authority and is not a proper defendant under *Ex parte Young*.  *See* Dkt. 42 at 8; Dkt. 85 at 2–3.

These serious and evolving questions of the Attorney General's enforcement authority have direct bearing on his sovereign immunity.  Notably, the legislature's recent decision to not give the Attorney General enforcement authority over the statute at issue here "reinforce[s] the inapplicability of *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004)."  Dkt. 85 at 3.  Among other things, *Wasden* concerned a challenge to the law itself—not, as here, a challenge to a rescinded interpretation by the Attorney General.  And even if *Wasden* did apply, courts have held a stay warranted in light of the possibility that "the Ninth Circuit should reconsider its precedent" and hold the Attorney General "possesses sovereign immunity," which would mean he would "immediately be dismissed from this suit."  *Christian*, 2016 WL 406340, at *2.  The Attorney General's right to protect that immunity on appeal demands a stay.

**II.  The Attorney General is likely to succeed on his appeal.**

The Attorney General is likely to prevail on his contention that the Court lacks Article III jurisdiction over this matter.  As the Court is aware, the Attorney General did not defend the Crane Letter on the merits, having rescinded it, and instead defended the action entirely on jurisdictional grounds.  The appeal will thus turn solely on the question of jurisdiction, and the Attorney General's arguments are likely to be dispositive on appeal.  The Attorney General addresses only a few of them here.

*First*, the Attorney General is likely to prevail on his arguments that Plaintiffs lack Article III standing.  Critically, under Idaho law, criminal prosecutorial authority—including for section 18-622—begins with county prosecutors and may only then be referred out to the Attorney General through a court appointment.  *See* Dkt. 106-1 at 4; *State v. Summer,* 139 Idaho 219, 224, 76 P.3d 963, 968 (2003); *Newman v. Lance*, 129 Idaho 98, 922 P.2d 395 (1996).  Thus, any attempt to show standing as to the Attorney General over the Crane Letter would require the Court to connect that letter to the county prosecutors.  *See* Dkt. 42 at 16–18.  Plaintiffs made no attempt to show that connection, and the county prosecutors' declarations in their motion to dismiss conclusively refute any such link.  Yet the Court decided to defer consideration of the jurisdictional problems raised by those papers and to proceed with deciding the merits.  Dkt. 153 at 17.  The Attorney General has strong arguments that putting those jurisdictional questions aside to rule on the merits is inconsistent with the Court's "independent obligation to determine whether subject-matter jurisdiction exists[.]"  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted).

*Second*, the Attorney General is likely to prevail on his arguments that the Court misapplied the Ninth Circuit's "disavowal" jurisprudence.  Those cases do not apply here because they concern situations where operative state law prohibits the plaintiff's conduct, such that "the government's failure to disavow enforcement" weighs in favor of standing.  *Tingley v. Ferguson*, 47 F.4th 1055, 1068 (9th Cir. 2022); *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 653 (9th Cir. 2021).  They do not apply here, where Plaintiffs contend that the law as written allows their conduct.  *See* Dkt. 1 ¶ 40; Dkt. 2-1 at 4–5.  Nor does the law hold that a disavowal for reasons that are "procedural—not substantive" is insufficient.  Dkt. 153 at 38.  The disavowal cases require disavowal of enforcement, not a disavowal of the law itself.  *Tingley*, 47 F.4th at 1068.  If the defendant has no position on a question, then there is no case or controversy—nothing requires the defendant to go further and to take the same position as the plaintiff.

*Third*, even accepting the Court's analysis, there is no jurisdiction under the standard the Court announced for itself at the end of its order:

> [I]t would not have been particularly difficult for the State to definitively establish that no case or controversy exists.  That is, all it would have taken is for Attorney General Labrador to … make an affirmative statement that he, or his office, will not enforce Idaho's criminal abortion statute in such a manner.

Dkt. 153 at 54–55.  The Attorney General did exactly that, repeatedly.  He rescinded the Crane Letter, *see* Withdrawal Letter (Dkt. 42-4), and stated directly to the Court that this "opinion that does not state the attorney General's opinion on any question of Idaho law and is void and withdrawn … ***is not an opinion that is being enforced***."  Tr. at 45–46 (Apr. 24, 2023) (emphasis added).  He emphasized that he

"neither holds nor defends" the interpretation of the Crane Letter.  Dkt. 107 at 1; Dkt. 85 at 10.  The Attorney General has made clear that he has not enforced the interpretation of the Crane letter, is not enforcing it, and will not enforce it.

The Attorney General went even further than these statements of intent by disclaiming that he **can** enforce the interpretation of the Crane Letter.  He explained in a formal legal opinion that he has no enforcement authority over this statute "unless a county prosecutor specifically so requests and an appointment is made by the district court under Idaho Code § 31-2603."  Dkt. 106-1 at 4.  Plaintiffs do not allege that either of those things has happened here, so by his own admission, the Attorney General has no enforcement authority.  Nor does the Attorney General have "formal power to refer *anything* to county prosecutors, who are elected officials with different constituencies that do not answer to the Attorney General."  Dkt. 107 at 6.  And while having no enforcement authority necessarily means having no intent to enforce, even if a case were referred to him by a county prosecutor, the Attorney General does not defend the theory of the Crane Letter and it is not being enforced.  Tr. at 45–46 (Apr. 24, 2023); Dkt. 107 at 1; Dkt. 85 at 10.  Put simply, the Attorney General has shown that he does not intend to bring any prosecution consistent with the theory of the Crane Letter.

Thus, even if the Ninth Circuit were to accept this Court's interpretation of the law, the Attorney General would have "definitively establish[ed]" that "no case or controversy exists."  Dkt. 153 at 54–55.  He is likely to prevail.

### III.  The balance of harms and the public interest favor a stay.

Finally, the Court should find that the balance of harms and public interest also support a stay.  For the reasons above, there is no prejudice to Plaintiffs from a stay, since the Attorney General has made clear that the Crane Letter "is not an opinion that is being enforced," Tr. at 45–46, that he "neither holds nor defends" its interpretation, Dkt. 107 at 1, and that he lacks authority to enforce the statute at issue. Dkt. 106-1 at 4.  They suffer no harm from a withdrawn interpretation that is not and cannot be enforced.  Plaintiffs plainly do not feel threatened by the Crane Letter—even before the Court's order, Planned Parenthood started a campaign through six billboards around the Treasure Valley referring people to other states where they can obtain an abortion.[1]

In addition, it is in the public interest to ensure that federal courts do not issue advisory opinions.  Rather, federal jurisdiction is limited to cases where the defendant takes and defends a position opposing the plaintiff.  The absence of any such controversy here shows that a stay of such a proceeding pending appeal is warranted.

---

[1] *See* Andrew Baertlein, *Planned Parenthood billboards will direct Idahoans to out-of-state abortion care*, KTVB7 (July 25, 2023, 7:47 PM MDT), https://tinyurl.com/mmn97ta7.

CONCLUSION

The Court should stay all proceedings pending appeal.

DATED:  August 2, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By*:*      */s/ Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
BRIAN V. CHURCH
TIMOTHY LONGFIELD
Deputy Attorneys General

*Attorneys for Defendant-Appellant Attorney
General Raúl Labrador*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel of record who have appeared in this matter.

          */s/ Lincoln Davis Wilson*
          LINCOLN DAVIS WILSON
          Chief, Civil Litigation and
          Constitutional Defense