UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREATER NORTHWEST, on behalf of itself, its staff, physicians, and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>      Plaintiffs,<br><br>      v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>      Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Attorney General Raúl Labrador's emergency motion to stay pending appeal (Dkt. 155). Having thoroughly considered the parties briefing and the relevant record, the Court finds oral argument unnecessary.

**MEMORANDUM DECISION AND ORDER - 1**

For the reasons below, the Court will grant in part and deny in part Attorney General Labrador's motion to stay.

## BACKGROUND

On July 31, 2023, the Court partially granted the Plaintiffs' motion for a preliminary injunction and issued an order enjoining Attorney General Labrador, in his official capacity, from prosecuting medical providers for referring patients to legal out-of-state abortion services under Idaho's criminal abortion statute, Idaho Code § 18-622.[1] *See MDO*, Dkt. 153. Per the parties' joint motion to continue (Dkt. 149), the Court also ordered the parties to submit litigation and discovery plans within 14 days. *See Id.*

The day after the issuance of the preliminary injunction, Attorney General Labrador appealed the Court's decision. *See Notice of Appeal*, Dkt. 154. The following day, the Attorney General filed this emergency motion to stay pending appeal and a motion to expedite his emergency motion. *See* Dkts. 155 and 156. Through his motion, the Attorney General requests that this Court stay "all proceedings and all other motions in this case pending appeal of the district court's July 31, 2023, Memorandum Decision and Order[.]" *See Def.'s Mtn.* at 2, Dkt. 155.

---

[1] The plaintiffs in this case are Planned Parenthood Greater Northwest, Caitlin Gustafson, M.D., and Darin L. Weyhrich, M.D. (collectively the "Medical Providers").

The Medical Providers do not object to staying further proceedings in this case, including discovery, pending appeal. *See Plf.s' Resp.* at 3, Dkt 163. However, the Medical Providers condition their non-opposition on the premise that the preliminary injunction will remain in place during the stay and that the Court maintain the ability to rule on the pending motion to dismiss. *Id.*

## ANALYSIS

As a threshold matter, it is necessary to determine the scope of Attorney General Labrador's request for a stay pending appeal. In his motion, Attorney General Labrador requested a stay of "all proceedings and all other motions in this case pending appeal" *Def.'s Mtn.* at 2., Dkt. 155. Then, in his supporting memorandum, Attorney General Labrador states that he "now moves on an emergency basis to stay all proceedings pending appeal, including the Court's order to submit a litigation and discovery plan." *Def.'s Br.* at 1, Dkt. 155-1. Finally, in his reply, "the Attorney General maintains, for the reasons set forth in his motion to stay, that all proceedings—including the Court's preliminary injunction and further decisions on the pending motions to dismiss—should be stayed pending appeal." *Def.'s Reply* at 2, Dkt. 164. Although it is not entirely clear what exactly Attorney General Labrador seeks to stay – the enforcement of the preliminary injunction or just a stay of future proceedings (including discovery)

**MEMORANDUM DECISION AND ORDER - 3**

– the Court will address both requests.

### A. Stay of the Preliminary Injunction.

Granting a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, (2009). In exercising its discretion, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). But "if the petition has not made a certain threshold showing regarding irreparable harm then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." *Doe v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (cleaned up) (internal citation omitted). The moving party bears the burden of showing that the circumstances justify an exercise of the court's discretion. *Nken*, 556 U.S. at 434.

The Attorney General first contends that he will suffer irreparable harm if a stay is not issued through the loss of his Eleventh Amendment Immunity. *See Def.'s Br.* at 2-3, Dkt. 155-1. That argument is unpersuasive.

While the Attorney General's cited authority—almost all of which is non-

binding—may offer some support to an argument that *proceedings* should be stayed where the issue on appeal relates to a party's potential sovereign immunity, it offers no such support for staying an *injunction order*. A review of the cited authority shows that those cases are primarily concerned with the harm caused by allowing discovery to continue while the issue of sovereign immunity is resolved on appeal. Importantly, none of those cases involve staying a preliminary injunction order or judgment.² Thus, Attorney General Labrador's proffered irreparable injury relates only to a stay of proceedings— in particular, discovery— not the enforcement of the preliminary injunction pending appeal.

More importantly, the harm caused to the Medical Providers by issuing a stay would outweigh any potential harm the Attorney General might face. The

---

² *See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) (The Court addressed whether "States and state entities that claim to be 'arms of the State' may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity[,]" and did not discuss a stay.); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1250 (11th Cir. 2004) (the issue was "[w]hether a party is entitled to a stay of all proceedings in the district court until resolution of an appeal from a denial of arbitration[.]"); *Goshtasby v. Bd. of Trustees of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) (No injunctive relief was granted and the stay the university was only seeking "to postpone discovery and other proceedings while the case was on appeal."); *Christian v. Commonwealth of the N. Mariana Islands*, No. 1:14-CV-00010, 2016 WL 406340, at *1 (D. N. Mar. I. Feb. 2, 2016) ("the defendants named in their official capacities [only sought] a stay of (1) all discovery with respect to the Commonwealth as to Causes of Action IV through XII of the Second Amended Complaint, and (2) all remaining proceedings in this case once non-expert discovery has been completed for the other parties.").

Court has already determined that the Medical Providers are likely to suffer irreparable harm in the absence of preliminary relief. *See MDO*, Dkt. 153. Staying that relief would, in turn, place the Medical Providers in the exact same position they were in before that determination, subjecting them to the same likelihood of harm. *See, e.g., Theorem, Inc. v. Citrusbyte, LLC*, No. CV 21-4660-GW-AGRX, 2022 WL 1314041, at *2 (C.D. Cal. Jan. 18, 2022)

In short, the Attorney General has neither suggested nor established that he will suffer irreparable harm absent a stay of the preliminary injunction order. *See Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (without a stay applicant's threshold show of irreparable harm, "a stay may not issue, regardless of the petitioner's proof regarding the other stay factors."). Accordingly, to the extent that Attorney General Labrador seeks to stay the preliminary injunction, the Court will deny his motion.

### 1. Stay of Proceedings

Next, the Court must determine the appropriate scope of a stay that should be applied in this case.[3] Again, because the Medical Providers do not generally

---

[3] As discussed, the second condition of the Medical Providers' non-opposition was that this Court be allowed to issue a decision on the pending motion to dismiss while the proceedings are stayed.

**MEMORANDUM DECISION AND ORDER - 6**

oppose a stay pending appeal, including discovery, the only question before the Court is whether the stay should apply to "all other motions in this case," including the pending motion to dismiss. It shall.

Here, efficiency and judicial economy warrant a stay of all proceedings. As the Attorney General correctly noted, although there are unique issues regarding each defendant in this case, many of the jurisdictional questions overlap or are intertwined. As the Supreme Court has explained, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936).[4] Moreover, since most of the issues on appeal involve jurisdictional challenges, the Ninth Circuit's ruling will not only provide guidance on the legal issues in this case but may even be dispositive. Thus, the Court finds that the most efficient path forward is to stay all

---

[4] The Court recognizes that the *Landis* test is distinct from the *Nken* test. However, although neither party raised the issue, many district courts in this circuit have found the slightly broader *Landis* test applicable to a stay of proceedings where *Nken* should be applied to a request to stay an order or judgment, such as a preliminary injunction. *See Kuang v. United States Dept of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) ("a review of the case law suggests that district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs. Those courts have reasoned that the *Nken* test is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case, while *Landis* applies to the decision to stay *proceedings*, regardless of whether the stay is based on a direct appeal or an independent case.") (internal quotations and multiple citations omitted) (emphasis original).

**MEMORANDUM DECISION AND ORDER - 7**

proceedings, including any pending motions.

The Court recognizes that resolving the pending motion might offer the Medical Providers additional assurance that they will not be prosecuted for referring patients to legal out-of-state abortion services while the appeal is pending; however, the preliminary injunction issued against any effort by Attorney General Labrador to enforce his interpretation of Idaho Code § 18-622 should be sufficient to prevent such enforcement by a county prosecuting attorney during the appeals process. But, of course, there may be unique circumstances of which the Court is unaware which belie that assumption. For that reason, the Medical Providers may, at any point during the appeal, ask the Court to reconsider this aspect of its decision.

Accordingly, to the extent Attorney General Labrador seeks a stay of all proceedings, including discovery and the resolution of any pending matters, the Court will grant his motion.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Emergency Motion for Stay Pending Appeal (Dkt. 155) is **DENIED** as it relates to a request to stay the Court's preliminary injunction against Attorney General Labrador issued July 31, 2023 (Dkt. 153).

**MEMORANDUM DECISION AND ORDER - 8**

2. Defendant's Emergency Motion for Stay Pending Appeal (Dkt. 155) is **GRANTED** as it pertains to all proceedings, including discovery and all other motions in this case, pending appeal.

DATED: August 15, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9