UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD GREAT NORTHWEST, HAWAII, ALASKA, INDIANA, KENTUCKY, on behalf of itself, its staff, physicians and patients, CAITLIN GUSTAFSON, M.D., on behalf of herself and her patients, and DARIN L. WEYHRICH, M.D., on behalf of himself and his patients,<br><br>   Plaintiffs,<br><br> v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho; MEMBERS OF THE IDAHO STATE BOARD OF MEDICINE and IDAHO STATE BOARD OF NURSING, in their official capacities, COUNTY PROSECUTING ATTORNEYS, in their official capacities,<br><br>   Defendants. | Case No. 1:23-cv-00142-BLW<br><br>**ORDER** |

Upon consideration of the Joint Motion to Dismiss (Dkt. 182) filed by Plaintiffs and Defendants Idaho Board of Medicine and the Idaho Board of Nursing ("Boards"), and finding good cause exists for the reasons set forth below, the Court hereby ORDERS that the Joint Motion is GRANTED.

 1. On March 27, 2023, Defendant Attorney General Raúl Labrador issued a formal opinion letter opining that Idaho's abortion ban, Idaho Code § 18-622,

1

criminalizes referrals for lawful out-of-state abortions and also subjects licensed health care providers who make such referrals to loss of licensure in Idaho. Plaintiffs filed the instant case on April 5, 2023, seeking a preliminary injunction against AG Labrador, each of Idaho's 44 County Prosecutors, and each member of the Boards. The Court granted the preliminary injunction as to AG Labrador, finding that Plaintiffs were likely to succeed in showing that punishing referrals for out-of-state abortions violated the First Amendment. Dkt. 153. After AG Labrador appealed, the Ninth Circuit affirmed the preliminary injunction. *Planned Parenthood Great NW., Hawaii, Alaska, Ind., Ky. v. Labrador*, 2024 WL 4966057, at *12 (9th Cir. Dec. 4, 2024).

2. The Court has jurisdiction to rule on this motion because "during an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002); *see also Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956) (affirming district court jurisdiction to rule on motion to dismiss after notice of appeal of preliminary injunction filed).

3. Pursuant to the stipulation of Plaintiffs and the Boards, the Boards will be bound by the following stipulated terms.

4. The Boards, as well as their employees, agents, and successors in office, shall take no action against any licensee coming within their respective jurisdictions

upon an alleged violation of Idaho's abortion statutes, including but not limited to Idaho Code § 18-622(1), or any action based on an allegation that a licensee referred a patient for an abortion outside of Idaho, absent a final judgment of conviction entered against such licensee. Should the Boards receive a complaint that includes allegations of violations of Idaho's abortion statutes in conjunction with any other matter, the Boards may open an investigation into the other matters identified in the complaint, but will not investigate any aspect of the complaint that relates to abortion absent legal conviction for the same.

5. The Boards shall not be liable for any award of attorneys' fees, costs, or other monetary damages that may be ordered as relief in this matter. Furthermore, as consideration for the release of liability in this matter, the Boards, as well as their employees, agents, and successors in office, waive their right to intervene in the above-captioned matter should it continue.

6. The Court retains jurisdiction to enforce the terms of the Stipulation.

DATED: December 27, 2024

_____
B. Lynn Winmill
U.S. District Court Judge